STATE of Missouri, Plaintiff-Respondent,

v.

Edward SIMPSON, Defendant-Appellant.

No. 34999.

Missouri Court of Appeals, St. Louis District, Division Two.

Nov. 20, 1973.

Alfred I. Harris, St. Louis, for defendant-appellant.

John C. Danforth, Jefferson City, Charles B. Blackmar, J. Brendan Ryan, Ronald B. Safren, and Thomas C. Muldoon, St. Louis, for plaintiff-respondent.

SMITH, Presiding Judge.

Defendant Simpson was convicted of Second Degree Burglary following a jury trial. He was found to be a second-offender, and the trial judge assessed punishment at six years imprisonment.

▮ The only issue on appeal is the sufficiency of the evidence. We must, of course, view the evidence in the light most favorable to the state. State v. Watson, 350 S.W.2d 763 (Mo.1961) [1]. Our review is limited to determining whether there is substantial evidence to support the verdict. State v. Spraggins, 368 S.W.2d 407 (Mo.1963) [3–6].

The evidence adduced at trial is this: At approximately 10:00 p. m. on the night of November 20, 1971, Miss Laura Mae Clark found her residence had been forcibly entered and several items taken, including a television set. She immediately called the police. Meanwhile, defendant and two others were seen by police detectives emerging from an alley leading past the rear of the Clark home. Defendant and his companions were carrying Miss Clark's television set. The trio lifted the T.V. into the back of a parked car which belonged to one of the trio and then *all three* headed back up the alley in the direction of the Clark house, before being stopped by detectives. At that point, the detectives heard a broadcast report of the burglary at the Clark house, and one of the officers left and returned shortly with Miss Clark who identified her missing possessions, including the television. Other items stolen from Miss Clark were found in the car or on the person of one of the defendant's companions.

■■ Evidence fairly showing *any* form of participation in the crime itself will be sufficient to support a conviction. State v. Cobb, 444 S.W.2d 408 (Mo. banc 1969) [1, 2]. "It has long been the rule that an inference of guilt is permissible from the possession of property recently stolen in a burglary, and the inference exists both as to the burglary and the stealing." State v. Durham, 367 S.W.2d 619 (Mo.1963) [2, 3], cert. denied, 375 U.S. 861, 84 S.Ct. 130, 11 L.Ed.2d 89. The defendant's possession of stolen goods, together with his apparent concerted activity with two others connected with the crime and the proximity in time and distance to the burglary is substantial evidence tending to show Simp-

son's affirmative participation in the crime.

Defendant relies heavily upon the rule that convictions based upon circumstantial evidence cannot stand unless the circumstances are consistent with guilt and inconsistent with innocence and exclude every other reasonable hypothesis other than the defendant's guilt.

In this case, there is evidence that Simpson, together with two others actually loaded recently stolen goods into a car trunk. The car was parked in a dark alley at 10:00 o'clock at night. All three men were heading *together,* back up the alley in the direction of the burglarized house (less than two blocks away) when stopped by detectives. The evidence indicates that very little time elapsed from the burglary till the time the three men were stopped in the alley.

We hold that this evidence and these circumstances were consistent with defendant's guilt, that they were inconsistent with his innocence, and that they excluded every reasonable hypothesis of his innocence. The circumstances raised a fair and reasonable inference of the defendant's involvement in the crime either an an actual participant or as an aider and abettor. This was sufficient to permit reasonable minds to believe the defendant guilty beyond a reasonable doubt and thus to make a submissible fact issue. See, State v. Ramsey, 368 S.W.2d 413 (Mo.1963) [8–10].

Judgment affirmed.

CLEMENS and McMILLIAN, JJ., concur.