**STATE of Missouri, Plaintiff-Respondent,**

v.

**Gary Gene WILLIAMS, Defendant-Appellant.**

**No. 35842.**

Missouri Court of Appeals,
St. Louis District,
Division Two.

March 11, 1975.

Lester .Watson, Richmond Heights, for defendant-appellant.

John C. Danforth, Atty. Gen., K. Preston Dean, III, Asst. Atty. Gen., Jefferson City, Brendan Ryan, Circuit Atty., John D. Chancellor, J. P. Allred, Jr., Asst. Circuit Attys., St. Louis, for plaintiff-respondent.

STEWART, Judge.

Gary Gene Williams, defendant, was convicted of burglary second degree, sentenced under the Second Offender Act and committed to the Department of Corrections for a period of ten years. Defendant appeals contending that "the evidence is insufficient to sustain the verdict".

We will view the facts in evidence and the inferences reasonably to be drawn from them in the light most favorable to the State, to determine whether there was substantial evidence to support the verdict. State v. Cobb, 444 S.W.2d 408 (Mo.1969); State v. Simpson, 502 S.W.2d 451 (Mo. App.1973).

As in many burglary cases, the State must rely on circumstantial evidence. Such evidence is sufficient provided the facts and circumstances are consistent with each other and with the hypothesis of defendant's guilt and are inconsistent and irreconcilable with his innocence, and point so clearly and satisfactorily to his guilt that they exclude every reasonable hypothesis of innocence. State v. Durham, 367 S.W.2d 619 (Mo.1963).

The jury could reasonably find the facts as hereafter set out. On August 9, 1972, Detectives Stewart and Hawkins were driving east on Halliday Street near its intersection with Louisiana Avenue in the City of St. Louis. They saw a Nova automobile parked facing east on the south side of Halliday just west of Louisiana in front of the vacant lot at the southwest corner of the intersection. As they were passing the Nova they saw someone in the back seat duck down. They investigated and found a Mr. Bayles in the back seat. Two gloves were found in the back of the car. Each contained a wallet. One had the identification of defendant, the other the identification of Ralph Voegtlin. They placed Bayles in the back seat of the police vehicle and positioned their car at an alley north of Halliday facing south. After a ten-minute surveillance they saw two men running out the side gate of the rear yard of 3401 Pestalozzi. This address is at the northwest corner of Pestalozzi and Louisiana. Pestalozzi is one block south of Halliday. As the men ran north toward Halliday the detectives recognized defendant who was pulling off a pair of pink rubber gloves, and Voegtlin who was wearing yellow rubber gloves and carrying a white object that looked like a bag. The two men got in the Nova. Detective Stewart then drove the police car into a position where it blocked the Nova. As Stewart approached the driver's side Voegtlin threw the door open, shoveled coins and other items out into the curb and tried to exit but was restrained. Detective Hawkins went to the driver's side where defendant was exiting with a knife in his hand. Defendant was disarmed and restrained.

The police recovered a coin bank and jewelry from the curb alongside of the Nova. These items were later identified as the property of members of the family of Jack Kuper who resided at 3401 Pestalozzi. Also found in the curb were a white shirt, rolls of pennies, currency, a screwdriver, flashlight and a knife.

A lady's watch, pin and three rings, identified as the property of Mrs. Kuper, and a screwdriver, were taken from defendant's person.

An investigation at the residence of Mr. Jack Kuper, 3401 Pestalozzi, revealed that on the west side of the house a basement window screen was cut and the window broken. The back door was ajar. The dining room window, which is on the west side of the first floor, had been jimmied by a screwdriver. The home had been ransacked.

Mr. Kuper and his family were away from the city on a vacation. A Mrs. Eva Gilliam, who did housework, and Mr. Kuper's mother, had been in the house on August 5th. Mrs. Gilliam cleaned the house and when she left the house was in order and all doors and windows were secure.

■ Possession of property stolen in a burglary does not raise a presumption of guilt. It is a circumstance from which guilt may be inferred when considered with other circumstances. State v. Cobb, *supra*; State v. Simpson, *supra*.

In this case the defendant had jewelry belonging to Mrs. Kuper on his person; no explanation was offered for his possession of the stolen articles; a window to the house had been jimmied in a manner indicating the use of a screwdriver; defendant was in possession of a screwdriver and he was seen running from Mr. Kuper's property. It is obvious that there was sufficient substantial evidence to sustain the conviction. State v. Simpson, *supra*.

Defendant relies on State v. Watson, 350 S.W.2d 763 (Mo.1961) which is readily distinguishable in that there was evidence that defendant, who was riding in a truck containing stolen articles, was a hitchhiker who had been picked up after the burglary and was unaware of the presence of stolen property.

■ Other matters sought to be argued have either not been properly preserved or

properly presented for our appellate review in accordance with Rule 84.04(d), V.A.M. R. We, therefore, do not consider them. State v. Raspberry, 452 S.W.2d 169, 172 (Mo.1970); Berger v. Huser, 498 S.W.2d 536 (Mo.1973).

We have reviewed the transcript as required by Rules 28.02 and 28.08. Finding no error the judgment is affirmed.

CLEMENS, P. J., and KELLY, J., concur.