**STATE of Missouri, Respondent,**

v.

**Richard SMITH, Appellant.**

No. 38669.

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 13, 1977.

Robert C. Babione, Public Defender, Joseph Webb, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Richard G. Callahan, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

The state charged defendant as a second offender with first degree robbery by means of a deadly weapon. Section 536.-120, RSMo. 1969. After a guilty verdict the trial court sentenced defendant to 20 years' imprisonment. He appeals, asserting error in refusing his cautionary instruction on his identification by the victim and also in giving the "hammer instruction," MAI–CR 1.10.

Victim Gregory Joiner had known defendant by sight for several weeks, having seen him pass by his filling station almost daily. On the night in issue Joiner was preparing to close his station when defendant came from across the street, calling out to him about buying cigarettes. As Joiner turned away, defendant put a gun to his back, demanded and took currency and a money changer.

■ Identification came in four stages: First, Joiner picked out defendant at a line-up; second, at the preliminary hearing Joiner equivocally identified another—and then defendant—as the robber; third, Joiner pointed out defendant from a group of seven photos and fourth, Joiner identified

defendant in open court. On the strength of the equivocal identification, defendant offered—and the court refused—a verbose, argumentative instruction on reasonable doubt concerning identification.

We uphold the court's ruling on two grounds: First, cautionary instructions are discretionary. Here, the one equivocal identification was outweighed by three positive identifications; hence there was no abuse of discretion in denying the proffered cautionary instruction. Second, MAI–CR 2.01, by its second paragraph, fully instructed the jury on the believability of witnesses. Notes on Use to MAI–CR 2.01 preclude further instructions on believability. In sum, the court did not err in refusing defendant's cautionary instruction.

█ Defendant challenges the "hammer instruction," MAI–CR 1.10, which may be given "when appropriate after extended deliberation by the jury." After a day and a half of trial the jury began its deliberations. Three and a half hours later the court inquired as to its numerical division; the jury foreman responded it was divided ten to two. The court then gave MAI–CR 1.10. Fifty minutes later the jury returned its guilty verdict.

Defendant relies strongly on this court's opinion in *State v. Sanders,* 552 S.W.2d 39 (Mo.App.1977) (filed April 26, 1977), reversing a conviction for giving MAI–CR 1.10. The distinguishing factor there was that before giving the instruction the jury had announced it stood *nine to three for conviction* and just ten minutes later returned a guilty verdict. We held those circumstances indicated coercion warranting reversal. The cited facts here are readily distinguishable.

We have considered the cases relied upon by defendant and the host of "hammer instruction" cases annotated in 27A Mo.Dig., Trial, █ and find no comparable case holding error in giving a "hammer instruction" under circumstances comparable to those here. We deny defendant's point.

Judgment affirmed.

DOWD and SMITH, JJ., concur.