**Gary Gene WILLIAMS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 38917.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 21, 1978.
Motion for Rehearing and/or Transfer
Denied May 9, 1978.

Robert C. Babione, Public Defender, Joseph Webb, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., Michael G. Ravetta, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

Gary Gene Williams was convicted of burglary in 1973 and sentenced to ten years' imprisonment. The conviction was affirmed on appeal. *State v. Williams*, 521 S.W.2d 29 (Mo.App.1975). Defendant now appeals from the denial of his Rule 27.26 motion following an evidentiary hearing.

At the hearing defendant contended he was denied effective assistance of counsel because his trial attorney failed to contact and present four alibi witnesses. All testimony at the motion hearing was offered by defendant and two of the alibi witnesses, one of whom had been separately convicted of the same burglary. Defendant's alibi is that at the time of the burglary he was with the witnesses at a house next door. Defendant's uncles, Ralph Voegtlin and Richard Voegtlin, testified to the alibi and defense counsel's failure to contact them. The trial attorney was dead at the time of the hearing and the state presented no evidence. The court denied defendant's motion and made findings of fact and conclusions of law.

Defendant claims the trial court erred in denying his Rule 27.26 motion because evidence on the motion is insufficient to support the trial court's findings. He alleges these are erroneous because the state offered no supporting evidence to refute the alibi testimony, nor did it show it was a tactical decision at trial not to call the alibi witnesses.

■ The scope of our review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous, Rule 27.26(j), VAMS. The prisoner has the burden of establishing his grounds for relief by a preponderance of the evidence, Rule 27.26(f), VAMS and to prove ineffective assistance of counsel was of such a character as to result in a substantial deprivation of defendant's constitutional right to a fair trial. *Thomas v. State*, 516 S.W.2d 761[2] (Mo.App.1974). Counsel is presumed competent and not to be judged incompetent by what in retrospect appear to be errors of professional judgment. *Haynes v. State*, 534 S.W.2d 552[3] (Mo.App.1975).

Defendant would have us hold that because the findings are contrary to his unrefuted evidence they are erroneous. That is not the law. "In a Rule 27.26 proceeding, the weight of the evidence and the credibility of the witnesses are matters for the trial court, and the trial court may reject testimony offered on behalf of the movant even though there was no contrary evidence." *Bibee v. State*, 542 S.W.2d 540[4] (Mo.App. 1976).

■ Applying this rule, we hold the trial court did not err in rejecting the defendant's evidence as not credible. The evidence consisted entirely of defendant's self-serving testimony and that of his two uncles, Richard Voegtlin and Ralph Voegtlin. Co-defendant Ralph Voegtlin failed to offer an alibi defense at his own separate trial. Richard Voegtlin did not volunteer his testi-

mony at either trial despite the kinship and his awareness of the arrests. Defendant's testimony about an alleged statement made to him by his attorney, deceased at the time of hearing, is inconsistent with the trial record. Defendant quoted his counsel as indicating he had failed to obtain the witnesses because he was being "forced to trial" and could not get a continuance. At the hearing, the court noted two continuances had been granted at the request of defendant's counsel, resulting in a six-week delay. In short, we are confronted with a straightforward question of credibility, which is for the trial court to determine. We defer to those findings. *Pickens v. State,* 549 S.W.2d 910[6] (Mo.App.1977).

Defendant's second point is that the trial court's finding was erroneous because there was no evidence to justify a finding of a tactical decision. Defendant contends the finding must rest on his own testimony at the hearing but an examination shows it is based on the trial transcript. The trial record reflects the following: The apprehension of defendant as he got into a get-a-way car with stolen merchandise and burglar tools in his possession, testimony he had been running from the burglarized premises, and an attempted escape from the police with the aid of a knife. Defendant did not testify at trial. This was the basis of the trial court's conclusion that a tactical decision was involved.

The choice of witnesses and defense tactics are matters of trial strategy which will not be lightly judged to be erroneous. *Williams v. State,* 536 S.W.2d 190[5] (Mo.App. 1976). We conclude the trial record, combined with the kinship of the uncalled witnesses and Ralph Voegtlin's conviction for the same crime, sustains the court's finding "that no self respecting, competent, intelligent attorney experienced in criminal trial work would undertake to offer the alibi movant contends his deceased counsel failed to present or to call as witnesses those persons named by the movant to substantiate it."

Since defendant's witnesses were not credible he failed to sustain his burden to show ineffective assistance of counsel. The trial record revealed sufficient evidence to overcome defendant's objections to the finding of a tactical decision.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.