**William FRIENDS, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. KCD 30534.**

Missouri Court of Appeals, Western District.

May 5, 1980.

Clifford A. Cohen, Public Defender, Kevin Locke, Asst. Public Defender, Kansas City, for appellant.

John Ashcroft, Atty. Gen., Paul R. Otto, Asst. Atty. Gen., Jefferson City, for respondent.

Before CLARK, P. J., and DIXON and SOMERVILLE, JJ.

CLARK, Presiding Judge.

William Friends was sentenced to serve a term of four years in the custody of the Missouri Division of Corrections after he pleaded guilty to the offense of stealing property of the value of at least $50.00. § 560.156, RSMo 1969; § 560.161 RSMo Supp. 1975. In this proceeding pursuant to Rule 27.26, Friends sought to vacate the judgment and sentence on the grounds that the sentence imposed exceeded that which he had been assured would follow upon acceptance of his plea, and that the trial judge was unfairly prejudiced against Friends by inaccurate information in a pre-sentence investigation report.

The trial court appointed counsel for Friends, conducted an evidentiary hearing and orally entered findings of fact contrary to Friends' contentions and denied relief.

On this appeal, Friends presents only one point, that as to assurance of a more lenient sentence, the preponderance of the evidence at the motion hearing favored Friends' version of events, and that the trial court erred in reaching a result contrary to that which the preponderance of the evidence required. Any issue as to the effect of alleged inaccuracies in the report of pre-sentence investigation has been abandoned because not briefed or argued.

■ The state first suggests that Friends has not properly presented the point raised on appeal and that the appeal should be dismissed because Friends' brief contains no page references to the transcript in the argument portion in violation of Rule 84.-04(h). The written argument of this brief consists of two and one-half pages and the transcript is not unduly lengthy. In these limited circumstances, dismissal of the appeal is not justified. *Kansas City v. Stricklin*, 428 S.W.2d 721 (Mo. banc 1968).

At the evidentiary hearing on Friends' motion, the testimony was in conflict. Friends, his mother and his sister generally related facts which supported Friends' claim that his attorney had told him his sentence would not exceed one year. The attorney who had represented Friends on the criminal charge denied that any assurance as to length of sentence had been extended and testified that statements by Friends to this effect at the guilty plea proceeding correctly described the terms under which the plea was offered. The trial judge accepted as true the account related by the attorney and found the evidence by Friends and his witnesses to be unworthy of belief.

■ Credibility of witnesses in a proceeding to vacate conviction and sentence is for the trial court to decide. *Sampson v. State*, 570 S.W.2d 337 (Mo.App.1978). The appellate court in its review is limited to a determination of whether the findings, conclusions and judgment of the trial court are clearly erroneous. *Camillo v. State*, 555 S.W.2d 386 (Mo.App.1977); Rule 27.26(j).

■ In rejecting Friends' claim and the testimony on which it depended, the court resolved conflicting evidence in favor of the state because the state's evidence was believed and Friends' was not. This result was not clearly erroneous but was supported by substantial and competent evidence.

An extended opinion in this case would have no precedential value. In accordance with Rule 84.16(b), the judgment of the trial court is affirmed.

All concur.