**Kirk COLLINS, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 41324.

Missouri Court of Appeals,
Eastern District,
Division Three.

Oct. 14, 1980.

Mary Elizabeth Dockery, Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Steven W. Garrett, Asst. Atty. Gen., Jefferson City, for respondent.

GUNN, Judge.

Movant was convicted of assault with intent to kill with malice and first degree murder. His convictions were upheld in *State v. Collins*, 520 S.W.2d 155 (Mo.App. 1975).

A subsequent Rule 27.26 motion alleging ineffective assistance of counsel by reason of failing to investigate and interview certain witnesses allegedly supporting movant's claim of mistaken identification was denied by the trial court without evidentiary hearing. This latter action was reversed and the cause remanded for hearing in *Collins v. State*, 564 S.W.2d 936 (Mo.App.1978). On remand and after full hearing by the trial court, movant's 27.26 motion was denied. This appeal has followed and we affirm.

■ The gravamen of movant's motion is that on the date of the assault and murder his face was so swollen as to be unrecognizable. Hence, he contends, he could not have been identified by the state's identification witness who was a victim of the assault and was acquainted with him through previous personal social encounters. At the hearing three witnesses testified that on the date the offense occurred movant's face was swollen. They also related that movant's trial attorney had not contacted them prior to trial. However, it is significant that none of the witnesses found movant's face to be so swollen as to render him unrecognizable. Thus, movant was not deprived of a defense by the failure to call the witnesses, and it is his burden to establish that their evidence would offer a legitimate defense. *Jones v. State*, 600 S.W.2d 189, 191 (Mo.App.1980); *Charles v. State*, 570 S.W.2d 700, 702 (Mo.App.1978).

■ Furthermore, the trial court found, after hearing all the evidence, including that of movant's trial attorney, that the trial attorney had made an extensive investigation to locate witnesses. Inconsistencies between movant's 27.26 witnesses and his trial attorney were resolved in favor of the latter with the finding that his counsel's assistance had not deprived him of his constitutional right to a fair trial. *Williams v. State*, 566 S.W.2d 241, 242 (Mo.App.1978).[1] Credibility of witnesses' testimony even if uncontradicted is for the trial court's determination. The trial court's findings and conclusions are not clearly erroneous, and that is the measure to be applied. *Sumpter v. State*, 601 S.W.2d 630, 632 (Mo.App.1980); *Friends v. State*, 599 S.W.2d 80, 81 (Mo. App.1980).

---

1. The holding of *Seales v. State*, 580 S.W.2d 733 (Mo. banc 1979), adopting the standard for effective assistance of counsel set forth by the United States Court of Appeals for the Eighth Circuit is prospective only. *Id.* at 737. *Seales* was reaffirmed in *State v. Rone*, 603 S.W.2d 575 (Mo. banc 1980).

Movant also asserts that his trial counsel should have called his live–in girl friend as a witness. But movant's counsel gave conscious consideration in consultation with movant as to whether she should be called to testify and as a matter of trial strategy concluded that her testimony would have been detrimental to movant's cause. This matter of trial strategy did not deprive movant of a fair trial nor does it serve as a basis for ineffective assistance of counsel. *Burns v. State*, 601 S.W.2d 633, 635 (Mo.App.1980); *Covington v. State*, 600 S.W.2d 186, 189 (Mo.App.1980); *King v. State*, 592 S.W.2d 262, 263 (Mo.App.1979); *Williams v. State*, 566 S.W.2d at 243.

Judgment affirmed.

DOWD, P. J., and REINHARD and CRIST, JJ., concur.