**STATE of Missouri, Respondent,**

v.

**Nicky PIRTLE, Appellant.**

**No. 45779.**

Missouri Court of Appeals, Eastern District, Division Three.

May 10, 1983.

Motion for Rehearing and/or Transfer Denied July 6, 1983.

Application to Transfer Denied Aug. 16, 1983.

Kenneth A. Seufert, Public Defender, 24th Judicial Circuit, Farmington, for appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, Gary E. Stevenson, Pros. Atty., St. Francois County, Farmington, for respondent.

REINHARD, Judge.

Defendant was convicted of exhibiting a weapon in a rude, angry or threatening manner, a violation of § 571.115, RSMo. 1978, and was sentenced as a persistent offender to nine years' imprisonment.

Defendant does not challenge the sufficiency of the evidence. On the evening of May 21, 1981, defendant attended a party at 324 C Street in Farmington, Missouri. Late in the evening, defendant and another guest, Joe Hall, exchanged words. Defendant left and returned approximately thirty minutes later and knocked on the front door. When Hall answered the door, defendant pointed a rifle at his head and said, "I don't play games, Hall. I'll kill you." Hall closed the door and called the police. Defendant was arrested trying to leave in his car. A loaded .22 Marlin bolt action rifle was found lying three feet from the house.

Defendant contends the trial court erred in denying his motion for a mistrial after the state asked a witness whether defendant had been "smoking pot." On direct examination, Joe Hall testified without objection that people at the party were "drinking [and] . . . smoking some pot." The assistant prosecuting attorney then asked Hall, "was he [defendant] smoking any pot or did he have any?" Before the witness responded, defense counsel objected. The trial judge sustained the objection, admonished the jury to disregard it and ordered it stricken from the record. He denied the motion for a mistrial.

The granting of a mistrial rests largely within the discretion of the trial court. The trial judge "has observed the incident giving rise to the request for mistrial and is in a better position than an appellate court to evaluate the prejudicial effect and possibility of its removal by action short of a mistrial." *State v. Heather,* 498 S.W.2d 300, 303 (Mo.App.1973). Here, the trial judge perceived the question to be improper and sustained the objection. Where an improper question is asked, but not answered, there generally is no prejudicial error. *State v. Harvey,* 625 S.W.2d 198, 201 (Mo.App.1981); *State v. Harris,* 564 S.W.2d 561, 575 (Mo.App.1978). *See State v. Williams,* 588 S.W.2d 70, 74 (Mo.App. 1979). In light of the record before us, we find no abuse of discretion in the trial court's refusal to declare a mistrial.

Defendant contends the trial court erred in sentencing him as a persistent offender because the evidence failed to prove that defendant had been convicted of two crimes at separate times. Defendant was charged by amended information as a persistent offender with four previous convictions. A hearing was held and evidence was adduced. The trial court found that defendant had been previously convicted of burglary second degree on May 16, 1980, and stealing a motor vehicle on March 28, 1980, and that "these convictions were for of-

fenses which were not committed at the same time." Based upon these two convictions, the court found that defendant was a persistent offender.

To be adjudged a persistent offender, the state must prove beyond a reasonable doubt that defendant has been previously convicted of two felonies committed at different times and not related to the instant crime as a single criminal episode. *State v. Thompson*, 629 S.W.2d 361, 365 (Mo.App.1981); § 558.016.2, RSMo.Supp. 1981. Defendant does not claim that the two crimes were committed at the same time. *See State v. Barnett*, 628 S.W.2d 917, 919–20 (Mo.App.1982). We have examined the testimony at the hearing and the exhibits introduced into evidence, and conclude that the two previous convictions were for offenses committed at different times. This point is ruled against defendant.

Affirmed.

CRANDALL, P.J., and CRIST, J., concur.