Arbary P. JACKSON, Movant-Appellant,

v.

STATE of Missouri, Respondent.

No. 46540.

Missouri Court of Appeals,
Eastern District,
Division Three.

May 15, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

**368**

Jane Buchanan Phillips, Asst. Public Defender, St. Louis, for appellant.

Kristie Lynne Green, Asst. Atty. Gen., Jefferson City, for movant-respondent.

KAROHL, Presiding Judge.

Movant-appellant Arbary Jackson appeals the denial of post-conviction relief, Rule 27.26, after an evidentiary hearing. The trial court made extensive findings of fact and conclusions of law, ruled that movant was not deprived of any substantial rights by ineffective assistance of counsel in the original criminal proceeding and denied relief.

Movant's convictions and punishments for first degree murder (life imprisonment) and two counts of assault with intent to kill without malice aforethought (five years imprisonment on each count) were affirmed in *State v. Jackson,* 594 S.W.2d 623 (Mo. 1980). The underlying facts are there recited and incorporated here by reference.

Before the trial court movant presented numerous contentions of ineffective assistance of counsel. The efforts of appointed counsel in preparing and presenting this motion to the trial court are a model of extraordinary and skillful effort of which counsel and the legal profession may be justly proud.

In order to prevail on the post-conviction motion movant and his counsel must overcome the presumption of competency of trial counsel, *McQueen v. Swenson,* 498 F.2d 207, 216 (8th Cir.1974), by establishing the grounds for relief by a preponderance of the evidence. Rule 27.-26(f). Movant must show that he did not receive the "degree of performance which conforms to the care and skill of a reasonably competent lawyer rendering similar services under the existing circumstances" and that he was prejudiced thereby. *Reynolds v. Mabry,* 574 F.2d 978, 979 (8th Cir. 1978); *Seales v. State,* 580 S.W.2d 733, 736–737 (Mo. banc 1979).

On appeal movant has condensed his position to a single contention,[1] that counsel failed to adequately conduct pre-trial investigation as one possible alibi witness who could have given exonerating testimony and the state's endorsed witnesses who could have provided information leading to other exonerating witnesses were not interviewed. Movant is entitled to a new trial if the omission of his counsel in this regard resulted in prejudice to his position and deprived him of substantial rights. *Seales v. State,* 580 S.W.2d 733, 736 (Mo. banc 1979).

During the criminal proceeding movant was represented by appointed counsel, the chief trial lawyer of the office of the public defender, an experienced trial attorney. At the post-conviction relief hearing the trial attorney testified that he devoted in excess of one hundred hours to the case and was aided by investigators and other members of the office staff in his preparation. Trial counsel's preparation included an opportunity to observe the trial of a co-defendant. Accordingly much of the state's evidence against defendant was observed as presented in court during the co-defendant's trial.

At the trial on the criminal charge the trial attorney called Ethel Patrick, who testified that she and movant were elsewhere

1. Counsel for the movant raised only one point on appeal. We granted movant leave to file a pro se brief. Brief was filed after respondent's brief. We find no merit on the points there raised.

at the time of the shooting. Movant maintains that a second individual, Eddie Brown, should have been called to verify Ethel Patrick's testimony. Absent proof that the testimony of Eddie Brown could have been beneficial there is no showing of prejudice for failure to investigate or call him as a witness. *Jones v. State*, 600 S.W.2d 189, 191 (Mo.App.1980).

The same defect applies to any further investigation of the state's endorsed witnesses. There is a total absence of proof that they could have offered any help in the defense. Without a showing that interviewing Eddie Brown or the endorsed state's witnesses would have aided movant's defense, the prejudice to the defendant necessary to prove that counsel was ineffective has not been shown. *State v. Thomas*, 625 S.W.2d 115, 123 (Mo.1981); *Collins v. State*, 607 S.W.2d 209, 210 (Mo. App.1980); *Charles v. State*, 570 S.W.2d 700, 701–702 (Mo.App.1978). Such proof is necessary to prevail on a motion for post-conviction relief. *Seales v. State*, 580 S.W.2d 733, 736 (Mo. banc 1979).

As movant has failed to prove ineffective assistance of counsel we affirm.

REINHARD and CRANDALL, JJ., concur.