**Richard SMITH, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 50145.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 24, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 23, 1986.

Application to Transfer Denied
Sept. 16, 1986.

Dave Hemingway, St. Louis, for appellant.

William L. Webster, Atty. Gen., Michael R. Whitworth, Asst. Atty. Gen., Jefferson City, for respondent.

SIMON, Judge.

Movant appeals from a judgment denying his Rule 27.26 motion following an evidentiary hearing. The trial court's judgment on the Rule 27.26 motion was not clearly erroneous and is affirmed. Rule 27.26(j).

Movant was convicted by a jury of first degree robbery by means of a deadly weapon and was sentenced to twenty years imprisonment. His conviction and sentence were affirmed in *State v. Smith*, 556 S.W.2d 484 (Mo.App.1977).

Movant raises three points in this appeal. He contends that post-conviction relief was improperly denied in that: (1) hearsay evidence was introduced at trial in violation of *State v. Degraffenreid*, 477 S.W.2d 57 (Mo. banc 1972); (2) movant's trial counsel was ineffective; and, (3) the state used perjurious testimony to convict movant.

A brief recitation of the facts is necessary for the disposition of this appeal. A more complete account of the factual background can be found in *State v. Smith*, 556 S.W.2d 484. Victim Gregory Joiner was employed as a manager of a service station when the crime in question occurred. Joiner was preparing to close when movant robbed him at gun point. Joiner had seen movant pass by the station almost daily for several weeks before the robbery. After the robbery, Joiner correctly identified movant as the perpetrator on three separate occasions. At the preliminary hearing, however, Joiner equivocally identified another—and then the movant—as the robber. At trial, Joiner testified during the state's case in chief on direct examination that he had incorrectly identified another as movant during the preliminary hearing. This misidentification was also brought out on cross-examination. The state called Estelle Kirkwood, the court reporter at the preliminary hearing, to corroborate Joiner's misidentification. She testified that Joiner said at the preliminary hearing that the man he identified was not the same person that robbed Joiner. The state also called James McCartney, the prosecuting attorney at the preliminary hearing. He testified that Joiner told him after the hearing that Joiner had identified the wrong person. No objection was made at trial to the testimony of these witnesses.

Movant's first point relied on is essentially that the corroborating hearsay testimony of Kirkwood and McCartney about Joiner's misidentification transgresses the Missouri Supreme Court's holding in *State v.*

*Degraffenreid,* 477 S.W.2d 57 (Mo. banc 1972). It is argued that this transgression violates the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution. This point is without merit.

The *Degraffenreid* case teaches that a third person who has heard or observed the extrajudicial identification of an accused by an identifying witness, cannot testify to the fact of such identification unless evidence is introduced contradicting the testimony given by the identifying witness concerning such identification. *Degraffenreid,* 477 S.W.2d at 63. The case *sub judice* involves extrajudicial statements concerning Joiner's *mis* identification of movant. The state argues that, therefore, *Degraffenreid* is inapposite because it only dealt with extrajudicial *identifications.* Whether the *Degraffenreid* proscription of hearsay testimony about extrajudicial identifications also applies to misidentifications needs not be decided here and we decline to do so.

■ The dispositive issue of movant's first point is whether the hearsay violation in this case rises above the level of mere trial error. It is well settled that "mere trial errors are not cognizable in a Rule 27.26 proceeding." *Williams v. State,* 530 S.W.2d 740, 742 (Mo.App.1975) (citations omitted).

Movant argues that the hearsay in question was improper in two respects. First, movant contends that the state used the hearsay testimony to merely bolster Joiner's credibility. This, movant maintains, was accomplished by the status of Kirkwood and McCartney as court reporter and prosecutor. Second, movant argues that the hearsay testimony permitted the state to impermissibly multiply the number of witnesses testifying to movant's identity. Movant maintains that this was exceedingly prejudicial because Joiner's identification was the only evidence linking movant to the crime. Movant claims that these reasons raise this hearsay violation beyond the level of mere trial error and into the realm of constitutional deprivations of due process, right to a fair trial, and right to confrontation. Such is not the case.

Assuming arguendo, without deciding, that the testimony of Kirkwood and McCartney constituted inadmissible hearsay, the *Degraffenreid* violation does not rise to constitutional magnitude and movant's constitutional rights were not thereby prejudiced. Rather, the hearsay was mere trial error and is not subject to challenge in a Rule 27.26 proceeding. The courts of this state have generally defined constitutional error sufficient to cause a judgment to be vacated under Rule 27.26 as "one that is so glaring as to cause a substantial deprivation of the right to a fair trial." *Stewart v. State,* 578 S.W.2d 57, 59 (Mo.App. 1978). The alleged error was not so unfair as to deny movant due process of law. Movant was convicted on substantial evidence. The victim Joiner correctly identified movant as the robber on three occasions. Joiner identified movant at trial. This ground for relief is denied.

Movant's second point relied on is that he was denied effective assistance of counsel in that movant's trial counsel failed to object to the alleged inadmissible hearsay testimony of Kirkwood and McCartney. Movant claims that, but for this omission, the result at trial would have been different. Movant also claims that his trial counsel's failure to call the preliminary hearing judge or the defense counsel present at that hearing also constituted ineffective assistance of counsel in that they might have been able to contradict the testimony of Kirkwood and McCartney. This point is without merit.

■ It is beyond dispute that the simple failure to make an objection does not constitute ineffective assistance of counsel. *State v. Morris,* 591 S.W.2d 165, 169 (Mo. App.1979). The failure to take exception with objectionable evidence does not provide a basis for the claim of ineffective assistance of counsel unless there has been genuine deprivation of the right to a fair trial. *Jackson v. State,* 540 S.W.2d 616, 617 (Mo.App.1976). The matter of ineffective assistance of counsel must go beyond a mere error in judgment. "[T]he ultimate test is whether the efforts and representa-

tion of the attorney have reached a level of adequacy so that the defendant has had a fair trial." *Nelson v. State*, 537 S.W.2d 689, 695 (Mo.App.1976).

■ We cannot conclude that trial counsel's failure to object and failure to call the preliminary hearing judge and defender to testify resulted in a substantial deprivation of movant's right to a fair trial. As to the failure to object, the record contains ample evidence to establish the facts necessary for a conviction. The victim Joiner correctly identified movant as the perpetrator of the robbery on three occasions other than at the preliminary hearing. Joiner correctly identified movant at trial. As to the failure to call the preliminary hearing judge and the defender present at the preliminary hearing, movant's contention is mere speculation. Movant argues that these witnesses *might* have contradicted the testimony of Kirkwood and McCartney. Movant makes no showing that this would be the case. Trial counsel's failure to call these witnesses cannot be construed as ineffective assistance of counsel based on mere conjecture as to what their actual testimony would have been. We cannot conclude that trial counsel was ineffective or that the trial court was clearly erroneous in this regard.

Movant's third point relied on is that the state used perjurious testimony to obtain his conviction. At the Rule 27.26 evidentiary hearing, movant produced an affidavit by and testimony from the victim Joiner. Joiner now claims that he identified movant at trial as the robber only because the owner of the service station suspected Joiner of stealing.

■ Before movant can prevail on his claim that he was convicted by the use of perjured testimony, he must establish: (1) the witness' testimony was false; (2) the state used the testimony knowing it was false; and (3) the conviction was obtained as a result of the perjured testimony. *Bryant v. State*, 604 S.W.2d 669, 674 (Mo. App.1980). Further, this court's review is limited to a determination of whether the findings and conclusions of the 27.26 hear-

ing court in regard to these factors are clearly erroneous. *Collins v. State*, 607 S.W.2d 209, 210 (Mo.App.1980).

After movant's 27.26 evidentiary hearing, the trial court found that Joiner's testimony at the hearing "to be completely unworthy of belief." The hearing court disregarded Joiner's testimony in its entirety. Based on the finding of untrustworthiness, the hearing court concluded that movant had failed to prove that Joiner's testimony at trial was perjurious.

■ The credibility of a witnesses' testimony in a proceeding under Rule 27.26 is a matter for the trial court's determination. *Stewart v. State*, 578 S.W.2d 57, 59 (Mo. App.1978). This is true even if the testimony is uncontradicted. *Collins v. State*, 607 S.W.2d 209, 210 (Mo.App.1980). The hearing court's finding and conclusions are not clearly erroneous, and that is what movant must show to prevail.

■ Furthermore, movant has not proved that the state knowingly used perjured testimony. Movant boldly asserts that Joiner's misidentification of movant at the preliminary hearing should have somehow alerted the state that Joiner's identification testimony was perjurious. This conclusory averment in no way shows that the state knowingly used perjured testimony.

Judgment affirmed.

KAROHL, P.J., and GARY M. GAERTNER, J., concur.