STATE of Missouri, Respondent,

v.

Eugene SMITH, Appellant.

No. 51761.

Missouri Court of Appeals,
Eastern District,
Division Seven.

April 14, 1987.

Motion for Rehearing and/or Transfer
Denied June 9, 1987.

Case Transferred to Supreme Court
July 14, 1987.

Case Retransferred to Court of
Appeals Feb. 11, 1988.

Original Opinion Reinstated
Feb. 26, 1988.

Deborah L. Stockhausen, Asst. Public Defender, St. Louis, for appellant.

William L. Webster, Atty. Gen., Colly Frissell-Durley, Asst. Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

CRANDALL, Judge.

Defendant, Eugene Smith, appeals from a conviction by a jury of one count of stealing by deceit, § 570.030 RSMo (Cum. Supp.1984) for which he was sentenced to two years' imprisonment. We reverse.

On September 23, 1985, the assistant manager of a K-Mart store saw a man, later identified as defendant, acting in a suspicious manner and notified a security guard. The guard, watching from a security window, saw defendant place cartons of cigarettes inside a large box and called his supervisor. They observed defendant return the box to the toy department and leave the store. A short time later defendant returned with a young woman. They went to the toy department where defendant pointed out the box and left the store. The woman went to the checkout counter and paid $16.84, the price listed on the box for a bicycle child carrier seat. The security manager followed the woman outside the store and seized the box which contained cigarettes valued at $320. Defendant was later apprehended and arrested.

In his single point of error, defendant contends that the State failed to make a submissible case for the offense of stealing by deceit, § 570.030 RSMo (Cum.Supp. 1984) in that there was no proof of the essential element of reliance. Defendant cites § 570.010(7) RSMo (Cum.Supp.1984) which defines deceit as "purposely making a representation which is false ... and upon which the victim *relies,* as to a matter of fact, law, value, intention or other state of mind." (emphasis added).

The issue of reliance was raised in *State v. Young,* 672 S.W.2d 367 (Mo.App.1984). In *Young,* as here, the defendant was being watched by store security personnel when he made a false representation to the store. The court reversed the conviction, imputing to the store the knowledge of the defendant's actions possessed by the security force, and held that "no reliance is shown when store employees are fully aware of acts later sought to be the basis of a false pretense." *Young,* 672 S.W.2d at 367, citing *City of Kansas City v. Fritz,* 607 S.W.2d 837, 839 (Mo.App.1980).

In the case, *sub judice*, the State has failed to prove the essential element of reliance. A review of the record reveals that three K-Mart employees observed defendant's actions and were not deceived by them. Consequently, they did not rely upon defendant's misrepresentations.

The judgment of the trial court is reversed and the defendant is ordered discharged.

CRIST, P.J., concurs.

CLEMENS, Senior Judge, dissents.