**Nicholas Ray PIRTLE,
Movant–Appellant,**

v.

**STATE of Missouri,
Respondent–Respondent.**

**No. 53959.**

Missouri Court of Appeals,
Eastern District,
Division One.

April 26, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied May 25, 1988.

Application to Transfer Denied July 26, 1988.

Shawn R. McCarver, Flat River, for movant-appellant.

William L. Webster, Atty. Gen., Robert V. Franson, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals after the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant was found guilty by a jury of exhibiting a weapon in a rude, angry, or threatening manner, a violation of § 571.115, RSMo 1978 (repealed 1981), and sentenced by the court as a persistent offender to a term of nine years' imprisonment. We affirmed the conviction and sentence on direct appeal in *State v. Pirtle*, 652 S.W.2d 272 (Mo.App.1983), which recounts the facts of the incident.

In his pro se Rule 27.26 motion, movant alleged, among other matters not germane

to this appeal, that his trial counsel was ineffective because he did not pursue a defense of self-defense at trial. Following appointment of counsel, movant's motion was amended with the following additional allegations of ineffective assistance of counsel: (1) failure to object to the filing, immediately prior to trial, of an amended information and supporting documentation charging movant as a persistent offender; (2) failure to object to the admission into evidence of a federal firearms transaction form; (3) failure to object "at the earliest opportunity to the State's mention of 'pot' at the party" where the incident occurred; (4) failure to timely object to the prosecutor's question to a state's witness concerning threats to that witness by movant's stepfather; and (5) failure to appeal the trial court's refusal to permit questioning of the same state's witness about threats against him by the state.

The court denied the motion without an evidentiary hearing. On appeal, movant contends an evidentiary hearing was required to consider the claims set forth in his amended motion, in addition to the failure of trial counsel to raise the defense of self-defense.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's judgment is clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson*, 719 S.W.2d at 915.

■ To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by record; and the matters complained of must have re-

sulted in prejudice to the movant's defense. *Thomas v. State*, 736 S.W.2d 518, 519 (Mo. App.1987). To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original). Thus, for movant here to be entitled to an evidentiary hearing, he must have alleged facts, unrefuted by the record, which, if true, would show his trial attorney's performance was deficient and, as a result, his defense was prejudiced. We limit our review to allegations contained in movant's original motion and amended motion; we disregard the enhanced allegations contained in his appeal brief. We believe movant failed to satisfy his burden.

■ The first alleged instance of ineffective assistance that movant points to is his trial counsel's failure to object to the filing, immediately prior to trial, of an amended information charging him as a persistent offender. As a result, he alleged, his defense was prejudiced because "counsel was unable to investigate the accuracy of the [supporting] documents and to properly challenge the documents used by the State to establish the persistent offender allegations." [1]

■ The state may file an amended information alleging a defendant is a persistent offender at any time before the verdict or finding, provided the amendment does not prejudice the defendant's substantial rights. *State v. Pinson*, 717 S.W.2d 266, 269 (Mo.App.1986). Thus, a failure by counsel to object to the timeliness of the

---

**1.** On direct appeal, we examined the testimony at the persistent offender proceedings and the exhibits introduced into evidence and concluded the trial court did not err in finding movant to be a persistent offender. *Pirtle*, 652 S.W.2d at 273–74. When an issue is raised and decided on direct appeal, a movant cannot obtain another

review of that issue in a Rule 27.26 proceeding. *Sweazea v. State*, 515 S.W.2d 499, 501 (Mo. banc 1974). Because the issue of counsel's performance vis a vis movant's persistent offender status was not decided on direct appeal, the rule stated in *Sweazea* does not preclude our review.

filing of the amended information does not constitute deficient performance, absent a showing by movant of prejudice to his substantial rights. In his amended Rule 27.26 motion, movant does not specify what shortcomings counsel might have discovered in the documents. He makes only the conclusory allegation that "counsel was unable to investigate the accuracy of [and] properly challenge the documents...."

In addition to movant's failure to properly allege prejudice, the record refutes his claim of deficient performance. Although counsel did not specifically object to the timing of the filing of the amended information, the record indicates he vigorously objected to critical portions of the state's persistent offender case. The state presented eight exhibits in support of its persistent offender allegation; the trial court stated it based its persistent offender finding on five of those documents, namely: the sentence and judgment in a second-degree burglary cause in which movant had pled guilty, the sentence and judgment in a motor vehicle theft cause in which movant had pled guilty, the informations charging both offenses, and movant's Missouri Department of Corrections "serial record". In addition, the court stated it relied on testimony of the prosecuting attorney concerning the burglary information and the motor vehicle theft sentence and judgment. The trial transcript indicates counsel argued at the persistent offender proceedings that there was no showing the offenses to which movant had pled guilty occurred on different dates, he objected to and argued against admission of the sentence and judgment in the motor vehicle theft offense and both informations, and he objected to the court's permitting the prosecutor to testify about the offenses.

■ Movant next alleged counsel failed to object to the admission into evidence of a firearms acquisition form bearing the name "James Mitchell," and, as a result, the jury "was improperly presented an unestablished inference that a relative of [movant] may have provided the weapon in question to [movant]." The failure of counsel to object to evidence does not pro-

vide a basis for a claim of ineffective assistance of counsel unless there results a genuine deprivation of the right to a fair trial. *Smith v. State,* 714 S.W.2d 778, 780 (Mo.App.1986). Movant alleges no facts that, if true, would show he was deprived of a fair trial by "an unestablished inference" about the source of the rifle. As a part of its case, the state did not need to prove ownership of the firearm or how movant acquired it, nor was the state required to produce the weapon at trial. *See State v. Shryock,* 593 S.W.2d 906, 909–10 (Mo.App.1980). We note from the trial transcript that there was evidence from three witnesses about movant's use of the rifle. Moreover, in his direct appeal, movant did not challenge the sufficiency of the state's evidence. *Pirtle,* 652 S.W.2d at 273.

■ Movant also alleged counsel was ineffective for failing to object "at the earliest opportunity to [the prosecutor's] mention of the use of 'pot' at the party by those persons present." The trial transcript reveals counsel objected to a question about movant's use of marijuana, the question went unanswered, and the court, after overruling a mistrial motion, instructed the jury to disregard the question. Nevertheless, movant alleged counsel should have objected to the preceding "general question of its witness whether the general crowd at the party was using marijuana." Movant claims prejudice resulted because the jury was permitted to hear about other crimes movant might have committed. Again, we note the general rule that a failure to object does not provide a basis for a claim of ineffective assistance of counsel. *Smith,* 714 S.W.2d at 780. Moreover, when the question which seeks the objectionable information is not answered, and the court instructs the jury to disregard the question, as here, there can be no ineffective assistance of counsel. *See Webb v. State,* 718 S.W.2d 619, 623 (Mo.App.1986). Nor can movant now claim prejudice. On direct appeal, we concluded movant suffered no prejudice from the questioning at trial. *See Pirtle,* 652 S.W.2d at 273.

■ Movant's allegation concerning counsel's failure to object to questions to a

state's witness about purported threats by movant's stepfather against the witness also do not provide relief. *See Smith,* 714 S.W.2d at 780, and *Webb,* 718 S.W.2d at 623. Moreover, the trial transcript indicates the witness denied he had been threatened. Not only does the record refute movant's claim about threats, he made no allegations concerning prejudice to his defense.

■ Movant alleged counsel was ineffective for failing to appeal the trial court's refusal to permit movant to question a state's witness about possible coercion of the witness by the state to testify. A claim of ineffective assistance of counsel on appeal is not cognizable in a Rule 27.26 proceeding. *Williams v. State,* 744 S.W.2d 814, 817 n. 2 (Mo.App.1987).

■ In his original motion, movant claimed his trial counsel would not "present this case to the jury by means of self-defense which I advised him to do," and, as a result, he "was not able to present this case to the jury in a proper way." However, movant alleged no facts, in the original motion or the amended motion, that would support a defense of self-defense. Under these circumstances, we believe counsel could not have legitimately asserted self-defense at trial, and, therefore, failure to do so cannot be ineffective assistance. *See Boyer v. State,* 527 S.W.2d 432, 437 (Mo.App.1975).

In all of his allegations, movant failed to allege facts, unrefuted by the record, which, if true, would show that his defense was prejudiced by deficient attorney performance, or he raised issues not cognizable in a Rule 27.26 proceeding. The judgment of the motion court was not clearly erroneous.

Judgment affirmed.

GARY M. GAERTNER, P.J., and CRIST, J., concur.