**Roy ROBERTS, Movant–Appellant,**

v.

**STATE of Missouri, Respondent–Respondent.**

No. 54812.

Missouri Court of Appeals, Eastern District, Division One.

Dec. 27, 1988.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 24, 1989.

Application to Transfer Denied March 14, 1989.

Dave Hemingway, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., Christopher M. Kehr, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion after an evidentiary hearing.[1] We affirm.

Movant was convicted by a jury of two counts of armed robbery and two counts of armed criminal action. Movant, a second offender, was sentenced to concurrent terms of 12 and 18 years for the armed robbery counts and consecutive terms of 3 years on each of the armed criminal action counts. He appealed and we affirmed the armed robbery convictions, but pursuant to *Sours v. State*, 603 S.W.2d 592 (Mo.banc 1980), reversed the armed criminal action convictions. *State v. Roberts*, 622 S.W.2d 226 (Mo.App.1981).

On appeal, movant challenges the findings of fact and conclusions of law made by

the motion court on his claim that his trial counsel was ineffective for failing to call two alibi witnesses. Testimony from neither of these witnesses was presented to the motion court; only movant, his trial counsel, and one of his alibi witnesses at trial testified.

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State*, 719 S.W.2d 912, 915 (Mo.App.1986). These findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves us with a definite and firm impression a mistake has been made. *Richardson*, 719 S.W.2d at 915.

To prevail on an ineffective assistance of counsel claim, a movant must show, first, counsel's performance was deficient and, second, that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong...." *Sanders v. State*, 738 S.W.2d 856, 857 (Mo.banc 1987) (emphasis in original). A motion court and this court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *See Jackson v. State*, 672 S.W.2d 367 (Mo. App.1984); *Strickland*, 466 U.S. at 697, 104 S.Ct. at 2069; *Sanders*, 738 S.W.2d at 857; *Richardson*, 719 S.W.2d at 915–16.

In an ineffective assistance of counsel claim based on failure to call an alibi witness at trial, to show prejudice, the movant must show the witness' testimony is more than merely cumulative of the evidence adduced at trial and that it would have aided his defense. *Jackson*, 672 S.W. 2d at 368–69; *Baker v. State*, 670 S.W.2d 597, 599 (Mo.App.1984).

At the Rule 27.26 evidentiary hearing the following testimony was adduced:

[The State]:

Q. Okay. [Movant], isn't it true [three] other [alibi] witnesses did testify in your behalf at trial ...?

1. Rule 27.26 was repealed effective January 1, 1988, but still governs this case since movant was convicted before and his Rule 27.26 motion was still pending on January 1, 1988. Rule 29.15(m).

A. Yes, ma'am.

Q. And isn't it true they testified to the exact same thing that you're saying [the two alibi witnesses not called at trial] would have testified to?

A. Yes, ma'am.

Q. And so their testimony would have been cumulative?

A. I imagine you can say that, yes.

. . . .

Q. Okay. So you're just telling us what you think they would testify to?

A. No, I'm telling you what I know they would testify to.

Q. Which is basically what your other alibi witnesses and yourself testified to at trial?

A. Yes.

Movant has failed to show prejudice, therefore the findings and conclusions that his counsel was not ineffective for failing to call two of five alibi witnesses (not including movant) are not clearly erroneous.

*JUDGMENT AFFIRMED.*

CRANDALL, P.J., and CRIST, J., concur.