Terry D. SENSABAUGH,
Movant–Appellant,

v.

STATE of Missouri,
Respondent–Respondent.

No. 54959.

Missouri Court of Appeals,
Eastern District,
Division One.

March 28, 1989.

Motion for Rehearing and/or Transfer to Supreme Court Denied April 25, 1989.

Application to Transfer Denied
June 13, 1989.

Beverly A. Beimdiek, St. Louis, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent-respondent.

REINHARD, Judge.

Movant appeals from the denial of his Rule 27.26 motion without an evidentiary hearing. We affirm.

Movant pled guilty to the felonies of unlawful use of a weapon, class D, and first class assault, class B, as part of a plea agreement; the prosecutor submitted a nolle prosequi on a third count (armed criminal action), reduced the first class assault from a class A felony to a class B felony and recommended concurrent sentences of 5 years. The court questioned movant extensively to establish the voluntariness of his pleas, particularly after he indicated at one point that he wished to go to trial, accepted them and carried out the plea agreement.

On November 24, 1987, movant filed his pro se Rule 27.26 motion. Appointed counsel filed an amended motion incorporating the pro se motion by reference. The motion made several allegations of how trial counsel's performance was deficient. The motion court entered its findings of fact and conclusions of law denying the motion after reviewing the transcript of movant's plea hearing. The court concluded that "[m]ovant's plea was knowingly and voluntarily given and intelligently made and refutes each allegation in his original and amended 27.26 motion."

On appeal, movant raises two claims of error in one point. He principally asserts that "the motion court clearly erred in denying [his] 27.26 motion without an evidentiary hearing [when he had alleged in his motion] that his [trial] attorney failed to locate potential defense witnesses." He subsidiarily asserts that the court "erred in failing to issue specific findings of fact and conclusions of law...."

Our review is limited to determining whether the findings, conclusions, and judgment of the motion court are clearly erroneous. Rule 27.26(j); *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986). The motion court's findings, conclusions, and judgment are clearly erroneous only if a review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Richardson,* 719 S.W.2d at 915. The findings and conclusions of the motion court are sufficient if they cover all points so as to permit meaningful appellate review. *McCoy v. State,* 610 S.W.2d 708, 709 (Mo. App. banc 1981).

To be entitled to an evidentiary hearing on a Rule 27.26 motion, the movant must allege facts, not conclusions, which, if true, would warrant relief; the allegations of fact must not be refuted by the record; and the matters complained of must have resulted in prejudice to the movant's defense. *Thomas v. State,* 736 S.W.2d 518, 519 (Mo.App.1987).

To prevail on an ineffective assistance of counsel claim, a movant must show that counsel's performance was deficient and

that the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668,687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). A movant "must satisfy *both* the performance prong and the prejudice prong to prevail on an ineffective assistance of counsel claim." *Sanders v. State,* 738 S.W.2d 856, 857 (Mo. banc 1987) (emphasis in original).

■■■ A motion court and this court may proceed directly to the issue of prejudice without first determining whether counsel's conduct was deficient. *Cook v. State,* 752 S.W.2d 483, 485 (Mo.App.1988); *Roberts v. State,* 764 S.W.2d 688, 689 (Mo. App.1988). The fact that an error by counsel might have had some conceivable effect on the outcome is not sufficient. Rather, movant must show there is a reasonable probability that, absent the alleged error, the fact finder would have had a reasonable doubt respecting guilt. In determining whether a reasonable probability exists, the court hearing an ineffectiveness claim must consider the totality of the evidence before the fact finder. *Strickland v. Washington,* 466 U.S. 668,691–96, 104 S.Ct. 2052, 2066–69 (1984); *Richardson v. State,* 719 S.W.2d 912,915–16 (Mo.App.1986). After a plea of guilty, the effectiveness of counsel is relevant only to the extent it affects the voluntariness of the plea. *Armour v. State,* 741 S.W.2d 683,688 (Mo. App.1987).

We have reviewed the record, including the plea transcript, in light of the motion and the court's findings and conclusions. Appropriately terse, the findings and conclusions are sufficient for our review.

■■■ Movant's allegation that his trial counsel was ineffective for failing to contact three potential defense witnesses, "who would have testified that movant was in no way involved in the offenses for which he was charged" is refuted by what occurred at the plea hearing. At the plea hearing, the trial court explained to movant his rights and questioned him extensively about the circumstances of the offenses, the events leading to his plea of guilty and his understanding of his plea. Movant admitted possessing the weapon and shooting

the victim. He also admitted he signed a confession to the crimes.

Nothing which transpired at the plea hearing indicates that production of the witnesses movant named would have aided his defense. Further, none of the allegations in his motion indicate how producing the witnesses would have helped his defense.

The motion court's conclusion that movant's pleas were voluntary, and therefore counsel was not ineffective, is not clearly erroneous.

Moreover, in light of movant's admissions at the plea hearing, including his admission that he had confessed, it is obvious that no act or omission of counsel claimed by movant could have prejudiced him.

The findings and conclusions of the motion court are not clearly erroneous.

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.