**Richard Dewey BEAVER, Movant-Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. 14298.**

Missouri Court of Appeals, Southern District, Division Two.

Dec. 19, 1985.

Larry Maples, Asst. Public Defender, Joplin, for movant-appellant.

William L. Webster, Atty. Gen., Christine M. Szaj, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Chief Judge.

Movant filed a motion under Rule 27.26, seeking to vacate his convictions of first-degree robbery, kidnapping, and escape from confinement. Following an evidentiary hearing the trial court made findings of fact, conclusions of law, and entered judgment denying the motion. Movant appeals.

Movant pled guilty to the charges. In his first point movant claims that before accepting his pleas of guilty, the trial court failed to comply with Rule 24.02, denominated "Misdemeanors or Felonies—Pleas". Movant asserts that there were three departures from the Rule. We first discuss movant's contention that the trial court did not comply with Rule 24.02(b)(1) because "the Court did not personally inform defendant of the essential elements of any of the three crimes to which defendant entered his pleas of guilty."

Rule 24.02(b)(1) requires that the court inform a defendant of, and determine that he understands the "nature of the charge". However, a trial court is not required to explain every element of a crime to which a person pleads guilty. *Simpson v. State*, 637 S.W.2d 728, 730 (Mo.App.1982); *Hicks v. State*, 633 S.W.2d 229, 231 (Mo.App.1982). Here, the nature of the charges were covered by the court and movant appeared to understand them.

Movant next contends that the trial court did not comply with Rule 24.02(b)(1) because the judge did not personally inform movant of the mandatory minimum penalty and the maximum possible penalty for the offenses charged. During the plea hearing, movant's attorney informed movant of the penalty information before the pleas were accepted. Since movant was informed of the penalties, he could not have been prejudiced by the penalties not being stated by the judge.

The third claimed violation is that the trial court did not determine that there was a factual basis for the pleas of guilty as required by Rule 24.02(e). Before the pleas were accepted, the judge said to movant, "You understand that robbery in the

1st Degree is robbery by the use of force, or a firearm?" The defendant replied, "Yes, sir." Also, the judge asked movant, "You say you're guilty of this charge of kidnapping, and robbery in the 1st Degree. What did you do that causes you to say you're guilty?" Movant replied:

THE DEFENDANT: I robbed the Ramey's Store, and removed Gaylen Gray from the premises without his consent.

THE COURT: And in the robbery of that store, were there any firearms involved?

THE DEFENDANT: Yes, sir.

THE COURT: And did you make use of any of the firearms, either you, or the person that was with you?

THE DEFENDANT: Yes, sir.

In regard to the remaining charge, defendant told the court, "I escaped from confinement from the Newton County Jail."

At the hearing movant acknowledged that he and his. attorney had filled out forms on each of the charges, and that he had signed and sworn to the correctness of the forms. Among other things, the forms stated the crimes charged and their penalties, that movant had read the informations and understood what he was charged with, and that he knew the possible penalties for conviction.

■ Rule 24.02 was sufficiently complied with. The transcripts of the hearings on the pleas and the motion reflect that movant's pleas of guilty were voluntarily and intelligently made. Point one is denied.

Movant contends in point two that he received ineffective assistance of counsel before his guilty pleas because his attorney represented conflicting interests, threatened to testify against him if he went to trial, and failed to inform him of the existence of a favorable deposition.

■ Movant's counsel had represented a co-defendant to the escape charge who had earlier pled guilty. The record shows that movant's attorney prepared movant's case for trial and otherwise represented movant in a competent, conscientious manner. That the attorney may have earlier represented a co-defendant does not establish that a conflict existed which affected movant's rights.

An attorney representing co-defendants is not a per se violation of the constitutional guarantees of effective assistance of counsel. To establish such a violation, a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance. *State v. Powell,* 684 S.W.2d 514, 516–517 (Mo.App.1984). See also *Hill v. Lockhart,* —— U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). At the hearing where movant pled guilty, he did not complain about his attorney. He stated there that he was "fully satisfied" with his attorney's representation. Movant did not show that his rights were affected by the attorney having represented the co-defendant.

Movant testified that the attorney said he might have to testify against movant if movant went to trial on the charges. Movant also testified that he was not informed of a deposition favorable to him. The attorney denied that he had indicated he might testify against movant. The attorney also said he informed movant of the deposition. The trial court chose to believe movant's former attorney and we cannot say that this finding was wrong. Assessing the credibility of the witnesses is for the trial court. *James v. State,* 694 S.W.2d 890, 891 (Mo.App.1985).

Appellate review is limited to determining if the findings, conclusions, and judgment of the trial court are clearly erroneous. Rule 27.26(j). They were not clearly erroneous here.

The judgment is affirmed.

HOGAN, P.J., and MAUS and CROW, JJ., concur.