**Ronnie GRANT, Movant–Appellant,**

v.

**STATE of Missouri, Respondent.**

No. 15747.

Missouri Court of Appeals,
Southern District,
Division Two.

Nov. 23, 1988.

Motion for Rehearing and/or Transfer
to Supreme Court Denied
Dec. 15, 1988.

Gary L. Robbins, Public Defender, Scott A. Albers, Asst. Public Defender, Jackson, for movant-appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

PREWITT, Judge.

Following jury trial movant was convicted of two counts of burglary and two counts of stealing. Thereafter he filed a motion under Rule 27.26, seeking to set aside the convictions. Following an evidentiary hearing the trial court made findings of fact, conclusions of law and entered judgment denying the motion. Movant appeals. This appeal continues to be governed by Rule 27.26 as sentence was pronounced and the motion to vacate filed before January 1, 1988. Rule 29.15(m).

In reviewing the trial court's decision this court is limited to determining whether the findings, conclusions, and judgment of the trial court were clearly erroneous. Rule 27.26(j). Those findings are clearly erroneous only if a review of the entire record leaves the court with a definite and firm impression that a mistake has been made. *Richardson v. State,* 719 S.W.2d 912, 915 (Mo.App.1986).

Movant contends that the trial court erred because he established by a preponderance of the evidence that the prosecutor had knowingly used perjured testimony at trial in that the state's main witness testified that there was no plea agreement between him and the state when there had been one.

To prevail on a claim that there was conscious use of perjured testimony by a prosecutor, movant must establish that the witness's testimony was false, the state used it knowing it was false, and as a result the conviction was obtained. *Smith v. State,* 714 S.W.2d 778, 781 (Mo.App. 1986).

Movant had the burden of establishing his grounds for relief by a preponderance of the evidence. Rule 27.26(f). He did not do so. There was evidence both from the witness who movant claims committed perjury, and from the assistant prosecuting attorney who tried the case for respondent, that no firm plea bargain had been made with the witness at the time he testified. The trial court was justified in believing that testimony. Assessing the credibility of witnesses is for the trial court. *Beaver v. State,* 702 S.W.2d 149, 151 (Mo.App.1985).

There was evidence to support the trial court's finding and we cannot say that those findings and the judgment entered based on them were clearly erroneous.

The judgment is affirmed.

FLANIGAN, P.J., and HOGAN, J., concur.