Steven A. JOHNSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41204.

Missouri Court of Appeals, Western District.

June 27, 1989.

Sean D. O'Brien, Public Defender, Bruce R. Anderson, Asst. Public Defender, Kansas City, for appellant.

William Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before BERREY, P.J., and MANFORD and NUGENT, JJ.

NUGENT, Judge.

Steven Johnson appeals from the hearing court's order denying his Rule 27.26 motion for post-conviction relief. In April of 1985, the court sentenced Mr. Johnson to consecutive terms of ten years for promoting prostitution in the first degree and five years for promoting prostitution in the second degree. In his Rule 27.26 motion, he challenges only the first conviction, arguing that his trial counsel failed effectively to prepare his defense to that charge and that counsel's conflict of interest prevented effective representation. We affirm.

Charlotte McDonald, who worked for Mr. Johnson as a prostitute, provided the testimony necessary to support Mr. Johnson's conviction for compelling her to participate in that activity. We affirmed that conviction in *State v. Johnson,* 714 S.W.2d 886 (Mo.App.1986). Ms. McDonald had worked for Mr. Johnson and with at least two other pimps as a prostitute before she testified against Mr. Johnson. She had been arrested several times for such activities. On at least one of those occasions, Jeffrey Alena served as her defense counsel.

Myra Hamms also worked as a prostitute for Mr. Johnson. In addition to prostitution, her responsibilities included keeping track of Ms. McDonald. Ms. Hamms also faced charges of promoting prostitution as a result of Ms. McDonald's allegations. Both Mr. Johnson and Ms. Hamms retained Mr. Alena as defense counsel. Mr. Alena represented Mr. Johnson at his June, 1984, arraignment. Mr. Alena requested and received three continuances, in September, October and November of 1984, to allow him to complete discovery. The trial court, on October 29, 1984, sustained the state's unopposed motion to join Mr. Johnson's and Ms. Hamms' trials.

In December of 1984, the court denied Mr. Alena's fourth request for a continuance and set trial for the week of February 18, 1985. On January 18, 1985, the state notified the court that it had discovered a conflict of interest arising from Mr. Alena's prior representation of Ms. McDonald. Mr. Alena recruited John Lozano to represent both Mr. Johnson and Ms. Hamms. On February 6, 1985, the court accepted Mr. Alena's motion to withdraw, and Mr. Lozano entered his appearance. On that day, Mr. Lozano renewed the motion for a continuance, which the court denied on February 8.

Although both attorneys tried to reach the defendants, neither defendant learned of Mr. Lozano's substitution until February 19, 1985, the day they were to select a jury. They met him at Mr. Alena's office that morning. By that time, they had already paid Mr. Alena his $3,000 fee. Mr. Lozano again renewed the motion for a continuance and also moved to sever the trials. Mr. Johnson told the court that he had not

met Mr. Lozano until that day and that he preferred to retain another attorney.

The court informed Mr. Johnson that he could choose any attorney he wished but would not allow a continuance. The state objected to Mr. Alena's participation as counsel unless Ms. Hamms and Mr. Johnson would state for the record that, in spite of his conflict of interest, they consented to his representation. Mr. Johnson indicated that, under the circumstances, he would allow Mr. Lozano to represent him. The court then granted the motion for a severance.

Mr. Lozano continued to object that he had not had adequate time to interview the state's primary witness, Ms. McDonald. The court, although refusing the continuance, agreed to proceed no further than jury selection on February 19 and to delay the trial on the issues until the next afternoon. Mr. Lozano interviewed Ms. McDonald on the morning of the twentieth and told the court that he had learned all that he could from her. He testified that he spent the entire night before the trial preparing for it. He discussed the main issues in the case with Mr. Alena on the morning of the nineteenth.

The jury returned a verdict on February 22, 1985, finding Mr. Johnson guilty of one count of promoting prostitution in the first degree and one count of promoting prostitution in the second degree. In March of 1985, Mr. Lozano, citing a conflict of interest, filed a motion to withdraw as Ms. Hamms' counsel. She later pleaded guilty to a lesser charge.

Mr. Johnson alleged in his Rule 27.26 motion that Mr. Lozano failed to provide him with effective assistance of counsel. At his hearing, he amended the motion to include a claim that Mr. Alena's prior representation deprived him of effective assistance of counsel. He also presented evidence at the hearing concerning a conflict of interest arising from Mr. Lozano's joint representation of Mr. Johnson and Ms. Hamms. He did not claim that ground for relief in his original or his amended motion. Counsel stated that the evidence would show that Mr. Alena prejudiced Mr. Johnson's case by laboring under two conflict's of interest: one arising from his representation of Ms. McDonald and one from his representation of Ms. Hamms. The hearing court issued findings of fact and conclusions of law and denied the motion. The court specifically addressed the allegations contained in the original and amended petition. It did not, however, respond to the alleged conflict of interest as a result of Mr. Lozano's duel representation of the co-defendants.

On appeal we will uphold the findings of the hearing court unless those findings are clearly erroneous. *Eldridge v. State,* 592 S.W.2d 738, 740 (Mo.1979) (en banc). To support his claim of ineffective assistance of counsel the movant must not only show that counsel's performance failed to. meet the standards of the profession but also that he was prejudiced as a result of counsel's deficient performance. *Sanders v. State,* 738 S.W.2d 856, 857 (Mo.1987) (en banc).

In his first point on appeal, Mr. Johnson urges us to find clearly erroneous the hearing court's judgment that Mr. Lozano effectively represented Mr. Johnson at trial. We find no merit in that assertion. Any claim of Mr. Lozano's ineffectiveness that arises from the court's failure to grant him adequate time to prepare for trial amounts to an attempt to relitigate a claim we rejected in his direct appeal. In *State v. Johnson, supra,* 714 S.W.2d at 889, we held that the trial court's refusal to grant a continuance had not deprived counsel of an opportunity adequately to prepare a defense. We will not reconsider that issue on a Rule 27.26 motion for post-conviction relief. *Gilmore v. State,* 741 S.W.2d 704, 707 (Mo.App.1987).

Nevertheless, we find that the record supports the hearing court's finding that Mr. Lozano adequately prepared the defense. He interviewed the state's chief witness; cross-examined her vigorously; presented pretrial motions on the defendant's behalf; and succeeded in suppressing some of the evidence the state sought to introduce.

Furthermore, Mr. Johnson failed to establish what benefit additional evidence

would have provided. He presented no testimony from three of the witnesses whose testimony he alleged would have impeached the state's witness. To sustain his burden of proving prejudice from counsel's ineffective assistance, he had to show how the evidence that counsel failed to obtain would have aided his case. In failing to call those witnesses at the hearing he failed to meet that burden. *Smith v. State,* 684 S.W.2d 520, 523 (Mo.App.1984).

Ms. Hamms did testify at the hearing. She told the court that she would have testified at the movant's trial that it is impossible to force someone to engage in prostitution. Ms. Hamms, however, faced similar charges at the time of the criminal trial. She answered equivocally when asked whether she would have been willing to waive her Fifth Amendment rights when such testimony would have damaged her own case. The hearing court was entitled to disbelieve her. *Beaver v. State,* 702 S.W.2d 149, 151 (Mo.App.1985). The court did not clearly err in finding that Mr. Lozano adequately prepared for Mr. Johnson's trial.

█ The trial court also properly rejected Mr. Johnson's claim that Mr. Alena's ineffective representation provided him grounds for post-conviction relief. A claim for relief on such grounds must not only show counsel's substandard performance, it must also show how that performance prejudiced the defendant. *Sanders v. State, supra.* Mr. Lozano, not Mr. Alena, represented Mr. Johnson at trial. Therefore, because Mr. Lozano's representation met constitutional standards, Mr. Johnson can claim no prejudice from Mr. Alena's earlier representation.

█ Mr. Johnson argues in his final point that a conflict of interest prevented Mr. Lozano from providing constitutionally adequate representation. One who shows that his trial counsel labored under a conflict of interest presumptively establishes prejudice from inadequate representation of counsel. *See Gordon v. State,* 684 S.W.2d 888, 890 (Mo.App.1985). To establish a denial of the right to effective representation of counsel under that standard, the movant must show that an actual conflict existed and that the conflict affected the manner in which counsel presented his case. *Culyer v. Sullivan,* 446 U.S. 335, 350, 100 S.Ct. 1708, 1719, 64 L.Ed.2d 333 (1980). Representation of co-defendants does not create a *per se* conflict of interest. *See State v. Murphy,* 693 S.W.2d 255, 262 (Mo.App.1985) (rejecting claim that dual representation of defendant and his wife created a conflict of interest).

Although Mr. Johnson alleged such a conflict in neither his original nor his amended motion, he presented evidence of the conflict at trial. He argues that, because he presented such evidence, the parties tried the issue by consent. Supreme Court Rule 55.33(b) requires courts to treat an issue tried by consent of the parties as if the parties had raised that issue in the pleadings. In the context of a Rule 27.26 motion, that means that the court must issue findings of fact and conclusions of law on the issue raised by consent. *See Garrett v. State,* 528 S.W.2d 174, 177 (Mo. App.1975) (remanding to hearing court for findings of fact and conclusions of law on issue tried by the consent of the state and the movant).

Mr. Johnson introduced a copy of Mr. Lozano's motion to withdraw from Ms. Hamms' representation, in which Mr. Lozano cited a conflict of interest as his reason for withdrawing. The hearing court questioned the relevance of the document. Counsel responded that the evidence was relevant to show that the prejudice arising from Mr. Alena's (*not* Mr. Lozano's) representation of both defendants in the pretrial proceedings. The state attempted to rebut that evidence. However, in light of counsel's argument for admitting it, we cannot say that the parties consented to try the issue of Mr. Lozano's possible conflict of interest. Therefore, the court did not err in failing to issue findings of fact and conclusions of law on that issue.

Accordingly we affirm the hearing court's judgment.

All concur.