**STATE of Missouri, Respondent,**

v.

**Philip Todd TAYLOR,
Movant–Appellant.**

**No. WD 40476.**

Missouri Court of Appeals,
Western District.

Dec. 12, 1989.

Janet M. Thompson, Columbia, for movant-appellant.

William L. Webster, Atty. Gen., John P. Pollard, Asst. Atty. Gen., Jefferson City, for respondent.

Before MANFORD, P.J., SHANGLER and CLARK, JJ.

MANFORD, Presiding Judge.

This is a direct appeal from jury convictions for kidnapping, in violation of § 565.110, RSMo 1986 and forcible rape, in violation of § 566.030, RSMo 1986. Appellant was determined to be a persistent offender and was thus sentenced by the trial court. Appellant also sought post-conviction relief pursuant to Rule 29.15. These matters have been consolidated on appeal.

Appellant presents four points, which summarized charge the trial court erred: (1) in overruling his motion for judgment of acquittal on the charge of forcible rape, because the evidence was insufficient to establish he had displayed a dangerous weapon in a threatening manner in that it failed to show he touched or referred to a hammer located in the motor vehicle in which the rape was alleged to have occurred; (2) in finding him to be a persistent offender, because this finding was based upon offenses which occurred in another state when he was 16 years old, and thus those crimes could not have been felonies under Missouri law; (3) in overruling his objection to the use of a prior statement in rebuttal under § 491.074, RSMo 1986; and (4) in finding, as a hearing court, that he was afforded effective assistance of counsel.

According to the victim, 17 year-old L.K., she left high school after class the afternoon of September 14, 1987 and drove her red Chevrolet Chevette to Aardvark Video Store, located in the Marshall Plaza, Marshall, Missouri, to duplicate a copy of her driver's license for her employer. As she left the video store, she was approached by appellant who asked directions to Moberly, Missouri. She gave him directions and he asked her if he could follow her to the edge of town so that he would not get lost. She said, "Yes", but advised him that he must go straight at the intersection of Highway 20 while she would turn left. They proceeded to drive out of town, she in her Chevette and he, as she noticed, in his black Blazer. When they approached the intersection, she turned left toward her home, where she resided with her parents outside of Marshall, Missouri, and appellant proceeded straight down the road, as she advised. When she arrived home, she stopped to get the mail in the mailbox near the driveway of her home, when she again noticed appellant drive up in his black Blazer. He got out of the Blazer, again seeking directions, and ask L.K. if she had a roadmap. Because it was raining, he asked to sit in her vehicle and entered on the passenger's side in front. (Two witnesses driving by who knew L.K. testified that they saw both appellant and the Blazer, and appellant was standing beside the driver's door to L.K.'s Chevette.) At this point, appellant placed a thin rope around L.K.'s neck, choking her, and grabbed her sweatshirt, forcing her into the Blazer. There was a hammer lying between the two front seats of the Blazer on the console and although he never used or threatened to use the hammer, L.K. was fearful that he would harm her with it because she claims he threatened to kill her if she did not do what he wanted.

Appellant drove to a school located at Route Z and County Road 428. Once parked behind the school, appellant raped L.K. He then tied her ankles and wrists with shoestrings from a pair of tennis shoes which were in the Blazer. He walked her to an old shed near the school house and told her to remain while he returned to her vehicle to wipe off fingerprints. He reappeared a short time later and told L.K. to remain in the shed until she heard him honk the horn of the Blazer three times. L.K. did as she was told. She made her way to her own vehicle and proceeded home.

She was later examined by a local physician, who testified at trial of semen traces and injuries to the victim consistent with forcible rape.

The victim made a positive identification of appellant. Appellant called three witnesses. The thrust of the defense's evidence was that appellant could not have committed the rape as he was (because of the driving time, etc.) picking up his stepmother from work. His sister testified that the tennis shoes in the Blazer were hers and if any marks by tennis shoes were to be found on the windshield or other interior parts of the Blazer, it was because she put her feet in such places as she rode in the Blazer on various occasions. Appellant testified on his own behalf. He denied knowing the victim, kidnapping her and raping her. He admitted his prior criminal convictions.

The jury returned its verdict of guilty. The court sentenced appellant to a sentence of 15 years on each count, to be served consecutively. There was a hearing on a Rule 29.15 motion. Post-conviction relief was denied and this appeal followed. Any additional facts relative to the disposition of this appeal will be set forth *infra*.

■ Appellant's point (1) charges the trial court erred in overruling his motion for acquittal on the charge of forcible rape because there was no evidence he displayed a dangerous weapon in a threatening manner.

On review, when an appellant challenges the sufficiency of the evidence, the reviewing court is limited to the evidence and all reasonable inferences to be drawn therefrom which is favorable to support the verdict. *State v. Rodden*, 728 S.W.2d 212, 213 (Mo. banc 1987). The weight of the evidence is not for the reviewing court. *State v. Brown*, 660 S.W.2d 694, 698 (Mo. banc 1983). *See also State v. Grant*, 702 S.W.2d 857, 862 (Mo.App.1985).

In his argument, appellant asserts that no evidence was submitted which established that he displayed a deadly weapon in a threatening manner. He pursues the testimony relative to the hammer located in the Blazer. What § 566.030, RSMo 1986 prescribes is not the use or display of a deadly weapon, but instead the display of "a dangerous instrument in a threatening manner." Appellant contends his conduct warranted punishment for something less than a Class A felony.

In the first instance, the evidence indicated that appellant placed a rope about L.K.'s neck and grabbed her sweatshirt. Secondly, once in the Blazer, the victim saw the hammer and she asked appellant what it was for. At this point, appellant picked up the hammer and threw it to the rear of the Blazer. L.K. testified that she did not know at the time appellant picked up the hammer if he was going to hit her with it. Appellant threatened to kill her during the time the hammer was on the console between them. It was in plain view and within appellant's reach. In the view of the victim and from her testimony, she was afraid that appellant would strike her with the hammer until appellant threw it to the rear of the Blazer. These facts give rise to a reasonable inference which the jury could draw that appellant made use of the hammer in a threatening manner. *Brown, supra.*

This issue was resolved by the jury as trier of fact when it was instructed on both forcible rape as a Class A felony and forcible rape as an unclassified felony.

Appellant's argument also asserts that his conviction for forcible rape, Class A felony, should be remanded for resentencing because appellant claims "the court felt constrained to sentence him in the midrange of punishment for Class A felonies." Not only does this court have difficulty following such a claim, as there is nothing upon the record to support it, but it is also faced with the fact that appellant was found to be a persistent offender. Appellant was sentenced to 15 years which is within the range of punishment for an unclassified felony (rape). That range is from five years to life imprisonment. The result, of course, is that remand for resentencing would not accomplish anything due to the fact that the trial court disclosed by its sentencing that punishment should be and was warranted at 15 years.

There is no merit to appellant's point (1) and it is ruled against him.

■ Under his point (2), appellant asserts the trial court erred in finding that he was a persistent offender.

Appellant was convicted in the state of Arkansas of one count of burglary, two counts of theft and one count of arson. He was 16 years old at the time. He contends that since he was 16 years old when he was convicted, those convictions cannot be used against him in Missouri because at the time, he would have been considered a juvenile in Missouri.

Unlike our own law, Arkansas provides by statute that a person 16 years of age, charged with a felony, is prescribed to be an adult, but can be certified as a juvenile. This contrasts sharply with our own statutory law.[1]

Appellant seems to assert that by our own statutory law, it was not intended that he be required to prove that he should be tried and sentenced as a juvenile—a novel argument, to say the least, but it misses the point. What the state must prove in order for anyone to be found a prior or persistent offender has already been determined by our courts. In *State v. Pirtle*, 652 S.W.2d 272, 274 (Mo.App.1983), the court declared, "[T]he state must prove beyond a reasonable doubt that defendant has been previously convicted of two felonies committed at different times and not related to the instant crime as a single criminal episode." Further, nothing in § 558.016, RSMo 1986 requires that conduct, if a felony in another state, must also be a felony in Missouri. In *State v. Taylor*, 779 S.W.2d 636 (Mo.App.1989), this court addressed this point and declared:

> In *State v. Rellihan*, 662 S.W.2d 535 (Mo.App.1983), this Court held that the definition of the term "felony," as it is used in § 558.016.2 (defining "prior offender"), does not require a finding that a previous conviction under the law of another jurisdiction would also be a felony under Missouri law.

Slip op. at 641.

The record clearly shows that the Arkansas convictions of appellant were felonies

in Arkansas. The statutory law of Arkansas states that unless jurisdiction is waived, any person 15 to 18 years of age can be tried as an adult.

Appellant's assertion that the crimes of theft, burglary and arson, if committed by a 16 year old in Missouri, would not be felonies (because of age and thus they would be juvenile matters) does not change the fact that those crimes are felonies in Arkansas if committed by a person between the ages of 15 and 18 years of age, unless jurisdiction is waived by the court. The age of appellant is really not decisive, but is only pointed out here to show that such crimes, if committed by a 16 year old, do constitute a felony in Arkansas. Needless to say that by definition, theft, burglary, and arson are unto themselves felonies.

In the present cause, the prosecution proved that appellant had prior felony convictions in the State of Arkansas. In fact, appellant admitted such convictions in his direct testimony at trial. His argument that he was only 16 in Arkansas does not in any manner change the fact that he was convicted of prior felonies in the State of Arkansas.

Appellant's point (2) is without merit and is ruled against him.

■ Under his point (3), appellant charges the trial court erred in overruling his objection to the use of a prior statement of a witness in rebuttal.

At the close of appellant's evidence, the state, in rebuttal, called appellant's father-in-law to the stand. Appellant claimed he picked up his mother-in-law at her place of employment at 4:20 p.m. In the rebuttal examination of the father-in-law, the prosecution again asked for his account of when appellant picked up his mother-in-law (witness's wife) and the father-in-law put the time at 4:20 p.m. Then, pursuant to § 491.074, the prosecution offered into evidence a prior statement of the father-in-law. Section 491.074, RSMo 1986 reads:

> **491.074. Prior inconsistent statement may be admissible in certain cases as substantive evidence.**

---

**1.** See Ark.Stat.Ann. § 41–617 (Supp.1985).

Notwithstanding any other provisions of law to the contrary, a prior inconsistent statement of any witness testifying in the trial of an offense under chapter 565, 566 or 568, RSMo, shall be received as substantive evidence, and the party offering the prior inconsistent statement may argue the truth of such statement.

Appellant objected as follows:

MR. ROLF: (Appellant's attorney) Number one—

THE COURT: I want to identify for the record the portions of this statement we are talking about.

MR. ROLF: Number one, Your Honor, I object on the grounds that it's his witness. He can't impeach his own witness.

Number two, I object on the grounds the statement as offered in evidence contains more than just information concerning this case. It's prejudicial.

Then Number 3, I object, Your Honor, in that I think if they wanted to put the statement in evidence they have to put the statement they can't just read off of it. The statement has to be put in evidence. I don't think they can do that because it's damaging.

Number four, I object because they have not laid a proper foundation to put the statement in.

Appellant's objection was overruled and the state then called the police officer who had taken the father-in-law's statement. A portion of the statement was read, which contained the previous account by the father-in-law placing appellant at the mother-in-law's employment after 4:40 p.m. In surrebuttal, appellant called his father-in-law who stated that the time written by the police officer was incorrect.

From the above-quoted objection at trial, it is obvious that appellant has presented a different point to this court, as his contention now centers upon the introduction of the statement pursuant to § 491.074. This court nonetheless reviews the matter for plain error ex gratia.

First of all, appellant's assertion that he was denied opportunity to cross-examine the father-in-law simply is negated by the record. Furthermore, appellant cannot claim any prejudice in light of the fact that appellant called the father-in-law in surrebuttal, who claimed the time indicated in the statement was erroneously entered by the police officer. There was a total opportunity to inquire into the matter by both parties and appellant suffered no denial of a right to examine or confront the witness.

The question is whether the subsequent denial that the time in the statement was correct precluded introduction of the statement under § 491.074. Appellant has elected to rely upon *State v. Oliver*, 775 S.W.2d 308 (Mo.App.1989), a ruling by the Missouri Court of Appeals, Eastern District, wherein the court ruled that extrajudicial statements by a witness are not admissible as substantive evidence when the witness denies having made the statement.

This ruling is sound and in conformity with *Douglas v. Alabama*, 380 U.S. 415, 85 S.Ct. 1074, 13 L.Ed.2d 934 (1965), both cases being premised upon the result produced by the witness's denial of having ever made the statement. The result, of course, is the foreclosure to cross-examine the witness, violating one's constitutional right to confrontation. *Oliver* does not apply and certainly does not control the present case. The record herein discloses no denial by the father-in-law of having given the statement to the police officer. In turn, as noted, he was called in surrebuttal and given full opportunity under examination by appellant in the presence of the jury to state that the time set forth in the statement was incorrect.

In *United States v. Owens*, 484 U.S. 554, 108 S.Ct. 838, 98 L.Ed.2d 951 (1988), it was held that testimony regarding a prior out-of-court identification was not barred by the Sixth Amendment because the witness, through memory loss, could not explain the basis of the prior identification. It was held that the right of cross-examination and hence confrontation was not denied and in so concluding, the U.S. Supreme Court stated at 108 S.Ct. at 842:

If the ability to inquire into these matters suffices to establish the constitutionally requisite opportunity for cross-examination when a witness testifies as to his

current belief, the basis for which he cannot recall, we can see no reason why it should not suffice when the witness's past belief is introduced and he is unable to recollect the reason for that past belief.

Thus, *Owens* rules that the key component is the right to cross-examination and confrontation, not the procurement of any particularly sought-after answer. In those cases where the exercise of one's Fifth Amendment right is made or where there is a flat denial of having made the statement, the right to cross-examination and confrontation is effectively denied and hence the rationale of *Oliver, supra* becomes important and applicable. The present case contains none of the elements to bring it within the rule in *Oliver*, rather, the trial court's action of having permitted introduction of the father-in-law's statement pursuant to § 491.074, under the facts and circumstances herein, was in full harmony with the rule in *Owens, supra.*

There is no merit to appellant's point (3) and it is ruled against him.

■ Appellant's final point, point (4), casts him in the role as movant in seeking post-conviction relief pursuant to Rule 29.-15, and casts the trial court in the role of the hearing court.

Appellant (movant) charges the hearing court erred in finding that he was afforded effective assistance of counsel upon trial defense counsel's failure to object during the cross-examination of appellant to questions prefaced with such terms as "Do you dispute ... ?" Appellant concludes from this assertion that he was forced to accede to legal and factual conclusions advanced by the state and to pass on the credibility of other witnesses which was the responsibility of the jury.

■ The general rule regarding objections by counsel is that whether and when to object are matters left to the judgment and decision of counsel. *Coleman v. State,* 621 S.W.2d 357, 360 (Mo.App.1981) and standing alone, the lack of objections does not constitute ineffective assistance of

counsel. *Schlup v. State,* 771 S.W.2d 895, 900 (Mo.App.1989).

The posture of this point on appeal presents an interesting issue. First, it must be determined whether movant was denied effective assistance of counsel upon counsel's failure to object. A review of the record shows that the questions propounded during cross-examination were relevant, would possibly be within appellant's personal knowledge and were material to the issues at trial. The conclusion that follows is that movant has failed to show how the prosecution's examination of him was not properly conducted. It follows that the mere failure of trial defense counsel to object, standing alone (as the present case reveals) does not amount to ineffective assistance of counsel.

The hearing court did not err in denying post-conviction relief to appellant and his point (4) is ruled against him.

Appellant admits that his contention of ineffective assistance of counsel based upon counsel's failure to object was not presented in the Rule 29.15 motion, but contends, however, that the matter was heard by implied consent. He relies upon *Laws v. State,* 708 S.W.2d 182, 184 (Mo. App.1986). In *Laws,* the court concluded that under the circumstances of that case, since the state did not object, the matter was tried by implied consent and thus the Rule 27.26 motion was amended to conform to the evidence. The approach in *Laws,* while dispositive of that case, provided no sensible or orderly approach to the matter.

Respondent herein has suggested that when it is claimed that a matter has been tried by implied consent, the party making such claim should make a motion to amend his pleadings. It is suggested that Rule 55.33(b) should apply. Respondent concludes that a motion to amend is required. This court does not read the Rule that way. The Rule says "issues *may be made upon motion ...*" The Rule goes on to say that failure to make the motion does not affect the results of the trial of the issues.

The judgment of the trial court relative to the criminal convictions is in all respects affirmed. The judgment denying post-con-

viction relief was not clearly erroneous and is in all respects affirmed.

All concur.