**Daniel A. ROHWER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 42223.**

Missouri Court of Appeals,
Western District.

April 17, 1990.

Motion for Rehearing and/or Transfer to
Supreme Court Denied May 29, 1990.

Application to Transfer Denied
July 31, 1990.

Zel M. Fischer, Kansas City, for appellant.

William L. Webster, Atty. Gen., Elizabeth L. Ziegler, Asst. Atty. Gen., Jefferson City, for respondent.

Before GAITAN, P.J., and CLARK and MANFORD, JJ.

GAITAN, Judge.

Movant, Daniel A. Rohwer, appeals the denial of his Rule 29.15 motion following an evidentiary hearing. The movant alleges that his claims of ineffective assistance of counsel entitle him to relief.

After trial by jury on February 11, 1987, the movant was found guilty of two counts of sodomy, in violation of Mo.Rev.Stat. § 566.060 (1986). On May 27, 1987, movant was sentenced to consecutive terms of fifteen and seven years. This Court affirmed the movant's convictions and sentences on direct appeal. *State v. D.A.R.*, 752 S.W.2d 910 (Mo.App.1988).

The movant filed a *pro se* post-conviction motion pursuant to Rule 29.15 on June 27, 1988.[1] Movant's counsel, James Boggs, filed his entry of appearance on August 2, 1988. Movant filed a *pro se* addendum to his motion on August 4, 1988, and movant's counsel filed an amended motion on April 13, 1989. The motion court held an evidentiary hearing on April 21 and May 10, 1989, and entered its order denying movant's motion, addendum and amended motion on July 7, 1989.

### I.

Movant's appeal requires this Court to determine the applicability of Rule 55.33(b) to a Rule 29.15 proceeding. Rule 55.33(b) provides that "[w]hen issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Movant's appeal contains one, broad point, with five subparts. Of these five subparts, two were raised in movant's addendum. The other three issues were first raised in movant's amended motion through counsel and during the evidentiary hearing. The state asserts in its brief before this Court that movant's claims are procedurally barred by Rule 29.15. The movant argues that as the state did not object to the timeliness of the movant's claims before the motion court and because the state failed to object to the evidence presented at the evidentiary hearing, that the issues were in fact tried by implied consent pursuant to Rule 55.33(b).

Rules 29.15 and 24.035, effective January 1, 1988, replaced Rule 27.26. In *Day v. State*, 770 S.W.2d 692, 693 (Mo.

---

1. While both motion court and movant's counsel. erroneously refer to this action as a Rule 27.26 proceeding, pursuant to Rule 29.15(m), Rule 29.15 governs movant's post-conviction motion and this appeal.

banc 1989), our state Supreme Court stated that the principle purpose in replacing Rule 27.26 was to avoid delay and prevent litigation of stale claims. In a major departure from the previous rule, both Rule 29.15 and Rule 24.035 included time limitations for the filing of claims. "These time limits placed an increased responsibility on the *movant,* his *counsel,* and the *courts* to promptly litigate claims." *Sloan v. State,* 779 S.W.2d 580, 581 (Mo. banc 1989). These time limitations are valid, reasonable and mandatory. *Day v. State,* 770 S.W.2d at 695.

Rule 29.15 reads in pertinent part:

(d) Contents of Motion. The motion to vacate shall include every ground known to the movant for vacating, setting aside, or correcting the judgment or sentence. The movant shall verify the motion, declaring that he has listed all grounds for relief known to him and acknowledging his understanding that he waives any ground for relief known to him that is not listed in the motion.

(f) Any amended motion shall be verified by movant and shall be filed within thirty days of the date counsel is appointed or the entry of appearance by counsel that is not appointed. The court may extend the time for filing the amended motion for one additional period not to exceed thirty days. Any response to the motion by the prosecutor shall be filed within ten days after the date an amended motion is required to be filed.

■ Movant contends that under Rule 29.15(a), the Rules of Civil Procedure govern Rule 29.15 proceedings, and that prior judicial application of Rule 55.33(b) to post-conviction proceedings under now repealed Rule 27.26 are controlling in this case. *See Johnson v. State,* 772 S.W.2d 894 (Mo.App. 1989); *Laws v. State,* 708 S.W.2d 182 (Mo. App.1986). We note that the movant disregards the critical language of 29.15(a) which states, "[t]he procedure before the trial court is governed by the Rules of Civil Procedure *insofar as applicable.*" [Emphasis added.] Thus the Rules of Civil Procedure serve to supplement, not contradict, Rule 29.15.

Movant further contends that this Court expressly held in *State v. Taylor,* 781 S.W.2d 229, 234 (Mo.App.1989), that Rule 55.33(b) applies to Rule 29.15 proceedings. We disagree. In *Taylor,* this Court found the failure of trial defense counsel to object, standing alone, did not rise to the level of ineffective assistance of counsel. The movant acknowledged that this point was not presented in the Rule 29.15 motion but argued that the matter was heard by implied consent. While not specifically addressing the issue of applicability of Rule 55.33(b) to Rule 29.15, we collaterally noted that "[t]he approach in *Laws,* [implied consent used in Rule 27.26 proceedings], while dispositive of that case, provided no sensible or orderly approach to . the matter." Instruction to the state was then provided to correct their misinterpretation of Rule 55.33. We fail to find that the dictum of *Taylor* is controlling in the resolution of the issue now specifically before our Court in the present case.

■ In our interpretation of Rule 29.-15, we are guided by the same standards as those used in the construction of statutes. *State ex rel. Degeere v. Appelquist,* 748 S.W.2d 855, 857 (Mo.App.1988). As when interpreting statutes, our primary object ·is to ascertain the intent of the framers of the rule from the language used, and to give effect to that intent. To do so, the words of the rule are considered in their plain and ordinary meaning. *Id., see also, Wolff Shoe Co. v. Director of Revenue,* 762 S.W.2d 29, 31 (Mo. banc 1988). We further recognize that when one rule deals with a particular subject in a general way, and a second rule deals with the same subject in a different manner, the general rule gives way to the specific rule. *See, O'Flaherty v. State Tax Comm'n. of Mo.,* 680 S.W.2d 153, 154 (Mo. banc 1984).

■ We concur with the reasoning of our brethren in the Eastern District that the application of implied consent pursuant to Rule 55.33(b) is not consistent with Rule 29.15. *See Kelly v. State,* 784 S.W.2d 270 (Mo.App.1989). Rule 29.15(d) provides that the movant "waives any grounds for relief known to him that is not listed in the

motion." This language did not exist in repealed Rule 27.26. It is clear that the intent of the framers of Rule 29.15 was to prevent delay, end the use of successive motions, and to discourage "sandbagging" by the movant. *See Sloan v. State*, 779 S.W.2d at 581; *Day v. State*, 770 S.W.2d at 693. Construing 29.15(d) in its plain meaning, a movant who fails to properly assert all grounds for relief in timely filed motions, forfeits any remedy available for additional claims. This waiver the rule imposes is mandatory and may not be circumvented through Rule 55.33(b). To hold otherwise would make that portion of Rule 29.15(d) meaningless and useless. We, therefore, find that Rule 55.33(b) is not applicable to Rule 29.15 proceedings.

## II.

Movant's subpoints (b), (c), and (d) on this appeal were presented either through movant's amended motion or at the evidentiary hearing. The amended motion was filed after the period specified by Rule 29.15(f). The motion court was without authority to give additional time beyond that provided by the rule. *Sloan v. State*, 779 S.W.2d at 582. The grounds alleged in subpoints (b), (c), and (d) were time barred and procedurally waived. The motion court lacked jurisdiction to consider those points. Further, after careful review of the record, we find movant's subpoints (a) and (e) were first asserted in the *pro se* motion titled "Addendum" filed August 4, 1988. This "Addendum" is construed to be the movant's first amended motion. *See Amrine v. State*, 785 S.W.2d 531 (Mo.Banc. 1990). This motion was not verified pursuant to Rule 29.15 and therefore, was procedurally barred. *Reynolds v. State*, 783 S.W.2d 500 (Mo.App.1990). The motion court was without the authority to consider it.

The motion court heard all motions presented by movant and denied them. The correct action of the motion court should have been to render findings of facts and conclusions of law solely on the merits of movant's *pro se* motion. We, therefore, find that those portions of the motion court's order pertaining to issues not raised in the *pro se* motion were outside the motion court's authority. Rule 84.14 directs us to dispose of this cause unless justice requires otherwise. Movant did not appeal on any points presented in his original *pro se* motion. We have, *ex gratia*, reviewed the record on these points, and fail to find that the motions court's findings were clearly erroneous. *Strickland v. Washington*, 466 U.S. 668, 686–87, 104 S.Ct. 2052, 2063–64, 80 L.Ed.2d 674 (1984); *Day v. State*, 770 S.W.2d at 695. Thus, we see no reason why we should not lay this matter to rest. It is therefore ordered that the findings of fact and conclusions of law arising from issues raised by movant's addendum, amended motion, or at trial, be stricken from the judgment of the motion court filed July 7, 1989. As so modified, the order shall be affirmed.

All concur.