Clifford WHITE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 53732.

Missouri Court of Appeals,
Western District.

Nov. 4, 1997.

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gregory Barnes, Asst. Atty. Gen., Jefferson City, for respondent.

SPINDEN, Judge.

Clifford White has filed a Rule 24.035 motion to set aside the circuit court's judgment convicting him of kidnapping and stealing a car after he pleaded guilty to the charges. He appeals the circuit court's denial of his motion without an evidentiary hearing.

White contends that the circuit court should have granted him a hearing on his motion. Because all of the facts averred in his motion were refuted by the record, we affirm. *State v. Blankenship*, 830 S.W.2d 1, 16 (Mo. banc 1992).

In his first point, White contends that the record did not refute his contention that the circuit court did not have a sufficient factual basis for accepting White's plea to the kidnapping charge. At a hearing to consider his plea, White testified:

Q [D]o you remember approaching a car ... ?

A Yes, ma'am.

Q And you went into the car, didn't you, you got into it?

A Yes, ma'am.

Q And the keys were in the ignition?

A Yes, ma'am.

Q And there was also another person in the car.

A Yes, ma'am.

. . . .

Q [Y]ou didn't have [the car owner's] consent to take the car or the child [who was inside the car], did you?

A No, ma'am.

White admitted driving around Kansas City with the girl. He said that, although he knew that stealing the car was illegal, he was not aware that he could be charged for a separate kidnapping offense.

Section 565.110.1, RSMo 1994, says:

A person commits the crime of kidnapping if he unlawfully removes another without his consent from the place where he is found or unlawfully confines another

without his consent for a substantial period, for the purpose of

. . . .

(4) Facilitating the commission of any felony or flight thereafter[.]

White admitted that he knew the girl was in the car when he stole it and that his primary purpose was to steal the car. This was sufficient to meet § 565.110.1's definition. He took the girl from where he found her without anyone's permission and confined her to the car without her consent. White's taking the girl facilitated his stealing the car. His contention concerning the lack of factual basis for kidnapping is without merit.

He also contends that, because he never admitted to intending to kidnap the victim, the state failed to establish an element of purposefulness to kidnap he believes is required by the statute. The statute does not require a showing that he initially intended to kidnap the victim. The state need establish only that he intended to commit a felony, and in the course thereof, he took the victim from where she was found for the purpose of facilitating his committing the felony or his fleeing the scene. White could have removed the girl from the car before driving it from where it was parked. The circuit court's determining that White's not removing her was to facilitate his stealing the car and to hinder the girl's reporting the theft was reasonable.

■ White also contends that because his detaining the girl was incidental to his stealing the car, the state did not establish a factual basis for kidnapping. Kidnapping is not a proper charge where the movement or confinement of a person is incidental to another offense, but "where the removal or confinement adds a new danger of injury or death to that already present from the other offense . . . that constituent element of kidnapping is proven." *State v. Brown*, 824 S.W.2d 924, 927 (Mo.App.1992).

White contends that, because he never threatened or harmed the victim or removed her to a secluded place, he did not place her in additional danger. He is simply wrong. When White drove the car away with the girl still inside, he exposed her to new danger.

■ In his second and third points, White argues that he was entitled to an evidentiary hearing to establish that his attorney did not give him effective assistance. When a defendant pleads guilty, "any claim of ineffective assistance of counsel is immaterial except to the extent that it impinges upon the voluntariness and knowledge with which the pleas of guilty were made." *Hagan v. State*, 836 S.W.2d 459, 463 (Mo. banc 1992). He also must demonstrate prejudice by showing that "but for the errors of counsel, he would not have pleaded guilty, and he would have insisted on a trial." *Id.* at 464.

White alleges that his attorney failed him by not telling him that the state would have to prove purposefulness of intent to kidnap the girl. He now claims that he would not have pleaded guilty had his attorney informed him of this.

■ The Supreme Court rejected a similar claim in *State v. Taylor*, 929 S.W.2d 209, 217 (Mo. banc 1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1088, 137 L.Ed.2d 222 (1997), in which a defendant complained that his attorney did not advise him that the state would be required to prove intent to convict him of first degree murder. The court "is not required to explain every element of a crime to which a person pleads guilty so long as the defendant understands the nature of the charge." *Id.* (citing *Beaver v. State*, 702 S.W.2d 149, 150 (Mo.App.1985)). White does not allege that he did not understand the nature of the kidnapping charge against him. "When an accused admits in open court facts which constitute the offense for which he is charged, he cannot thereafter withdraw his plea on the assertion that he did not understand the nature of the charge to which he plead guilty." *Id.* (citing *Wedlow v. State*, 841 S.W.2d 214, 216 (Mo.App.1992)). White admitted such facts.

Moreover, intent is rarely susceptible to direct proof and is most often proved by circumstantial evidence. *State v. Van Vleck*, 805 S.W.2d 297, 299 (Mo.App.1991). White had an opportunity to remove the girl from the car before driving away. He stopped the car to look for a restroom for the girl and did not release her. The judge's inference that

White's actions were for the purpose of facilitating the taking of the vehicle by delaying the girl from communicating that the car had been taken was reasonable. This shows that the state could have proven the intent necessary to support a kidnapping conviction. White's allegation that he was entitled to an evidentiary hearing on this basis is without merit.

■ White further contends that he was entitled to an evidentiary hearing because his attorney misled and coerced him into pleading guilty by predicting that, if he went to trial, a jury would find him guilty and that he would be subject to the maximum, enhanced terms of imprisonment. The attorney, White said, predicted that he would get only probation if he pleaded guilty. White directs our attention to this testimony at the plea hearing:

Q [Y]ou understand the range of punishment for a, for the charge of kidnapping, a Class B felony, is five years to 15 years in the penitentiary?

A Five years to 15 years?

Q That's a Class B felony; you understand that?

A Yes, sir.

Q And that under Section 558.019, the Statute that defines a dangerous felony, kidnapping is a dangerous felony and whatever the sentence the court imposes for that guilty plea you will have to do 85 percent of that sentence before you're eligible for parole; your attorney's explained that to you?

A Yes, sir, but could I ask a question, sir?

Q Sure.

A Like on a guilty plea, is the minimum sentence that I could be imposed upon five years?

Q Yes, that's correct, on a Class B felony it's five to 15 years, that's the range of punishment.

A I was never explained I could get no less than five years.

THE COURT: On Count I, the minimum sentence is five years; is that correct?

[WHITE'S ATTORNEY]: Judge, if I could clarify something.

THE COURT: All right.

[WHITE'S ATTORNEY]: Although the range of punishment is a minimum of five years, that doesn't mean that the judge, if he decides to do so, can't give you probation with a five-year sentence; it's an SES, five years, or SES 10 years, or SES 15 years, with probation. It also doesn't mean the judge can't give you 15 years or any of those numbers but call you back in 120 days. Now, you understand that?

THE DEFENDANT: Yes, ma'am.

Q (By the Court) All right. And the range of punishment, then, for a Class C felony is different than that. A Class C felony carries a range of punishment of one day to one year in the county jail, one year to seven years in the penitentiary without any percentage requirement that you serve a certain percent of your time before you're eligible for parole; you understand that?

A Yes, sir.

White then assured the circuit court that he was pleading guilty voluntarily and that no one had promised him anything, or had threatened him or anyone in his family, to get him to plead guilty. White assured the circuit court that he was satisfied with his attorney.

■ An attorney's mere prediction of a sentence or of punishment the court will impose does not necessarily constitute coercion which renders a guilty plea involuntary. *Spencer v. State*, 805 S.W.2d 677, 679 (Mo. App.1990) (relying on *State v. Maloney*, 434 S.W.2d 487, 494–495 (Mo.1968)). Indeed, an able attorney will endeavor to help his or her client understand all of the possible consequences of alternatives and strategies. *Brown v. State*, 821 S.W.2d 113, 116–17 (Mo. App.1991).

The record shows that White knew the range of punishment. He had an opportunity to ask questions—and did—regarding his sentence. The record refutes White's allegations.

The circuit court's determination that the record refuted White's allegations was not clearly erroneous. We affirm the circuit court's judgment denying White's motion.

ULRICH, C.J., P.J., and HOWARD, J., concur.